417 So.2d 796 (1982)
Etta B. SHEFFIELD, Appellant,
v.
Samuel DALLAS, Appellee.
No. 81-833.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
*797 Raymond W. Williams, Jacksonville, for appellant.
Gerald R. Hart of Spinner & Hart, P.A., Jacksonville, for appellee.
COBB, Judge.
Edna Dallas Miller died intestate on May 14, 1980. She left 13 heirs. The heirs consisted of one brother, Paul Dallas, and 12 children of deceased brothers and sisters. Seven of the children of the deceased siblings petitioned the court for the appointment of Etta Sheffield, appellant, to be the personal representative of the estate. Letters of Administration were issued to Sheffield on May 22, 1980. On July 31, 1980, Paul Dallas petitioned for the revocation of Sheffield's Letters of Administration and requested that Letters of Administration be issued to himself, since he was the heir in the nearest degree. Sheffield answered and a hearing was set. However, prior to the hearing the parties agreed that Sheffield would resign as personal representative and that Dallas would be appointed the successor personal representative.
On February 9, 1981, Sheffield filed her petition for resignation and an attached "final accounting," which included legal fees chargeable to the estate in the amount of $4,452.50. On March 30, 1981, the probate court entered an order appointing Dallas as successor personal representative. On March 31, 1981, the probate court entered an order directing Sheffield to give notice to the surety and to deliver the assets of the estate to Dallas. The order further stated that upon the giving of the notice and the delivery of the assets that the probate court would accept Sheffield's resignation.
On April 8, 1981, Dallas filed his objection to the legal fees contained in Sheffield's accounting. A hearing was held on May 28, 1981, and the court entered an order reducing the attorney fees to $2,750. Sheffield has appealed this order.
*798 Sheffield contends that her accounting was a final accounting in accordance with Florida Probate and Guardianship Rule 5.400, and that therefore any objection to Sheffield's accounting should have been filed within thirty days of the date of service. Since the accounting was served on February 2, 1981, and the objection to the accounting was not filed until April 8, 1981, Sheffield contends the objection was untimely.
The accounting filed by Sheffield was not a final accounting under the applicable rule. At the time Sheffield was replaced as personal representative, the estate had not been fully administered except for distribution, as clearly contemplated by the rule. Therefore, the objection to the attorney fee for representing the wrong personal representative  which fee was approximately one-fourth of the entire estate  was not untimely, and it was entirely proper for the trial court to hold the May 28th hearing on the reasonableness of the fee.
Indeed, even in the absence of a timely objection or any objection, it is the statutory (and inherent) obligation of the trial court to review and determine the reasonable amount of compensation to be paid to an attorney for a personal representative in a probate proceeding. § 733.617, Fla. Stat. (1981).[1]
The trial court properly and diligently discharged its obligation to monitor this estate and protect it from what it factually determined to be an excessive claim for an attorney fee. Indeed, the trial court set out in considerable detail the basis for its reduction of the requested award. Once a probate court has exercised its discretion in setting a reasonable compensation, that decision will be disturbed on appeal only upon a clear showing by the appellant that it is contrary to the manifest weight of the evidence. In Re Estate of Ryecheck, 323 So.2d 51 (Fla. 3d DCA 1975). No such showing has been made by this appeal.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Section 733.617, Florida Statutes (1981), provides as follows:

Compensation of personal representatives and professionals. 
(1) Personal representatives, attorneys, accountants, and appraisers and other agents employed by the personal representative shall be entitled to reasonable compensation. Reasonable compensation shall be based on one or more of the following:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly.
(b) The likelihood that the acceptance of the particular employment will preclude other employment by the person.
(c) The fee customarily charged in the locality for similar services.
(d) The amount involved and the results obtained.
(e) The time limitations imposed by the circumstances.
(f) The nature and length of the professional relationship with the decedent.
(g) The experience, reputation, diligence, and ability of the person performing the services.
(2) If a will provides for the compensation of the personal representative either directly or conditionally and there is no contract with the decedent regarding compensation, he may renounce the provisions and be entitled to reasonable compensation. A personal representative also may renounce his right to all or any part of the compensation. A renunciation may be filed with the court.
(3) If the personal representative is a member of The Florida Bar and has rendered legal services in connection with his official duties, he shall be allowed a fee therefor, determined as provided in subsection (1).