508 So.2d 739 (1987)
T. Carlton RICHARDSON, Appellant,
v.
Roosevelt JONES, Sr., As Personal Representative of the Estate of Luela King, Deceased, Appellee.
No. 86-1025.
District Court of Appeal of Florida, Second District.
May 29, 1987.
Rehearing Denied June 24, 1987.
T. Carlton Richardson, Tampa, pro se.
Kennan G. Dandar of Dandar & Dandar, P.A., Tampa, and Halton J. Hart of Nixon & Nixon, Tampa, for appellee.
SCHEB, Judge.
Attorney T. Carlton Richardson challenges the trial court's order directing him to reimburse the estate of Luela King for excessive attorney's fees he received from the personal representative.
In 1983, Roosevelt Jones, Sr., retained Richardson to render necessary legal services in Jones' administration of the estate of Luela King, deceased. The only asset of the estate was a parcel of real estate which Jones and his wife purchased for $18,000 cash with approval of the court. The trial court found that Richardson had charged excessive attorney's fees and ordered him to return to the estate the sum of $5,368.20, representing the difference between the fees Jones advanced on behalf of the estate, $8,018.49, less costs of $150.29, and the sum of $2,500, which the court determined to be a reasonable fee for Richardson's legal services.
*740 We agree that the court was correct in ordering Richardson to repay excessive fees; however, it appears to us that the trial judge erred in computing the amount of fees paid by Jones. In arriving at the amount of $8,018.49 as having been paid, the trial court apparently totaled the balance figures at the top of each of several invoices which Richardson submitted. Yet, the record reveals these invoices totaled only $6,493.40. While the court's order recites that the parties stipulated that Jones advanced $8,018.49 for attorney's fees, we think the true effect of the stipulation was that Richardson agreed that his invoices to Jones for legal services had been paid in full. Consequently, Richardson must reimburse the estate for the actual sum he received from Jones less the $2,650.29 allowed by the court.
Section 733.6175, Florida Statutes (1985), provides that "Any person who is determined to have received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds." Richardson argues that because he had been paid by Jones personally, rather than having been paid from the estate, the court had no authority to order a reimbursement. We find this argument to be without merit. The court's order simply carries out its obligation to review and determine the reasonableness of compensation to be paid to an attorney for a personal representative. Sheffield v. Dallas, 417 So.2d 796 (Fla. 5th DCA 1982). Moreover, Richardson's contention that the trial court violated his constitutional right to a trial by jury in determining the amount of his attorney's fees is devoid of merit. Mid-Continent Casualty Co. v. Giuliano, 166 So.2d 443 (Fla. 1964).
Affirmed in part, reversed in part, and remanded with directions.
DANAHY, C.J., and CAMPBELL, J., concur.