574 So.2d 60 (1990)
THE FLORIDA BAR, Complainant,
v.
T. Carlton RICHARDSON, Respondent.
No. 73214.
Supreme Court of Florida.
April 19, 1990.
Rehearing Denied October 30, 1990 and February 14, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
T. Carlton Richardson, Washington, D.C., in pro. per.
Daniel A. Medeiros, Tampa, for respondent.
PER CURIAM.
T. Carlton Richardson, a Florida Bar member who practices law in Washington, D.C., petitions this Court to review the referee's recommendation that he be given a public reprimand and placed on probation for six months for charging excessive attorney's fees. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the referee's findings of fact, yet find, based on the circumstances detailed below, that a ninety-one-day suspension is the more appropriate sanction.
The record indicates that on March 31, 1983, Roosevelt Jones, a seventy-four-year-old retired longshoreman, and his seventy-three-year-old wife retained Richardson to probate the estate of Leula King in Tampa, Florida. Jones agreed to pay Richardson a $500 origination fee and ten percent of the estate's gross value. The parties agreed that the origination fee would be applied toward that percentage. Nothing in the agreement indicated whether the percentage of the estate's gross value was a minimum and the agreement did not provide for an hourly rate. King's estate was not complex, consisting of one piece of real property valued at approximately $22,000. King had died approximately fifty years earlier and had no outstanding debts. Between February 24, 1984, and July 5, 1985, Richardson prepared the necessary documents to carry out the probate of King's estate. For this work, Richardson charged the Joneses $10,550.99. In this disciplinary proceeding, Richardson testified that a portion of the legal fees represented a monthly cover charge which he imposed on all of his clients to permit him to provide pro bono legal assistance, that he charged the Joneses a minimum of twenty minutes per phone call even if no one answered the phone so long as an effort was made to reach them, and that he billed the Joneses a minimum of forty-five minutes per page for documents he prepared.
When Richardson realized that the Joneses did not have the cash to pay the attorney's fees but had a mortgage-free residence, he suggested that they obtain a loan *61 and assisted them in obtaining one from Community Federal Savings and Loan Association of Tampa. A substantial portion of the $13,000 loan was used to satisfy Richardson's fees.
Subsequently, Mrs. Jones consulted with another attorney, who advised her, along with her husband, that Richardson's fees were excessive. After the couple advised Richardson that they were terminating their relationship, Richardson withdrew as counsel. The Joneses retained another lawyer to complete King's estate and seek reimbursement of the attorney's fees paid to Richardson. At a hearing in the Hillsborough County Circuit Court, Probate Division, the Honorable Dennis Alvarez heard expert testimony and determined that $2,500 was a reasonable fee in the probate case and that $150.29 was the amount of costs incurred. He then directed Richardson to make restitution for all money received in excess of $2,650.29. The Second District Court of Appeal affirmed, Richardson v. Jones, 508 So.2d 739 (Fla. 2d DCA), review denied, 518 So.2d 1277 (Fla. 1987),[1] but remanded the cause for a recalculation of the fees paid by the Joneses. On remand, Judge Alvarez determined that the Joneses had paid $10,550.99 for the work completed on King's estate. After subtracting $2,650.29 as reasonable attorney's fees and costs, he found that Richardson was required to reimburse King's estate $7,970.[2] The court also required Richardson to reimburse King's estate $6,500 for the expense the estate incurred in defending itself regarding the excessive attorney's fees before the probate court and the Second District Court of Appeal and $1,000 for fees incurred in the two proceedings before this Court. A final judgment was entered against Richardson on behalf of the estate. The Second District Court of Appeal rejected Richardson's appeal of this judgment as not being timely filed.
In addition to employing Richardson to probate the estate, the Joneses employed him to prepare their wills. The couple's combined income at that time was less than $14,000 and their gross estate was worth no more than $75,000. The Joneses agreed to pay Richardson $85 for the initial consultation, a $750 origination fee, and a minimum attorney's fee of $1,250. No hourly rate was established. The Joneses paid Richardson $1,444.93 for these services. Richardson also sent the Joneses an invoice for $1,273.97 for general services, charging them for, among other things, a finder's fee associated with assisting Mrs. Jones in obtaining the loan to pay his fees.
After a complaint was filed against Richardson, he argued that the grievance committee lacked impartiality since the panel excluded black persons. Both the grievance committee and the referee denied this challenge. We note that, during the course of his argument before the referee, Richardson stated: "I am not arguing, Your Honor, that the men and women who sat on the panel did not give their best, I am not arguing that they were in any way prejudiced towards me."
The referee heard expert testimony concerning the reasonableness of the legal fees. That witness testified that (a) $2,500 is perhaps a generous fee for the probate of King's estate; (b) $400 is a generous fee for the work performed on the Joneses' wills; and (c) $200 or $300 is sufficient for the general services. On cross-examination by Richardson, the expert stated that "[b]illing hourly rates is not ... necessarily a measure of what is a reasonable fee in a given case," explaining that "the time is not necessarily the time devoted, it's the time that reasonably should be devoted to accomplish a particular task." (Emphasis added.) He further stated that this was an uncomplicated probate matter.
The referee found that Richardson charged his clients fees which were clearly excessive in violation of The Florida Bar Code of Professional Responsibility, Disciplinary Rule 2-106 (a lawyer shall not *62 charge a client a clearly excessive fee). The Bar argued that a ninety-one day suspension was an appropriate penalty for Richardson's actions. The referee recommended the following discipline for Richardson:
[A] public reprimand; six (6) months of probation, said probation to be supervised by The Florida Bar; enrollment in and completion of 12 hours of [accredited] courses on attorney billing and fee practices; proof to The Florida Bar at the end of said six (6) month probation period that the respondent has been rehabilitated in the area of billing and fee practices (said proof to be [to] the satisfaction of The Florida Bar to include, if necessary, retaking the bar exam on the subject of professional ethics); payment of restitution in an amount determined by The Honorable F. Dennis Alvarez; and pay the costs of these proceedings.
The referee made this recommendation after finding the following mitigating factors:
[T]he respondent was a young, hard-working attorney who had never been disciplined previously... . He presented an outstanding resume and had in the past devoted many hours to teaching and promoting the practice of law... . He made a serious error in judgment and let greed force him off the correct professional path. He certainly possesses all of the qualities to be rehabilitated.
Richardson raises the following issues: (1) whether the use of illegally obtained evidence by the grievance committee panel and the referee violated Richardson's due process rights; (2) whether the expert witness should have been disqualified on conflict of interest grounds; (3) whether the expert witness's testimony was reliable; (4) whether there is a sufficient factual predicate upon which misconduct can be found, applying the clear and convincing standard of proof; (5) whether the referee abused his discretion in failing to make specific findings of fact regarding excessive legal fees; (6) whether the exclusion of black persons from the grievance committee denied Richardson his due process rights; (7) whether the Bar counsel's participation in the deliberations of the grievance committee after the hearing without the presence of either Richardson or his counsel violated Richardson's due process rights; (8) whether the standard for determining excessive fees is unconstitutionally vague; (9) whether the standard as applied constitutes an impermissible restraint of trade in violation of federal antitrust laws; (10) whether the referee's sanction of a public reprimand is reasonable; (11) whether Richardson was given adequate notice and an opportunity to be heard regarding the costs imposed; and (12) whether the costs were permissible or reasonable under the circumstances. We find each of these claims to be without merit.
This Court has stated:
Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation.
Baruch v. Giblin, 122 Fla. 59, 63, 164 So. 831, 833 (1935) (emphasis added). Mr. Richardson is an officer of the court, subject to its orders. We find that these were clearly excessive fees and that the amounts he charged did in fact constitute a "social malpractice." The Florida Bar Code of Professional Responsibility, Disciplinary Rule 2-106, entitled "Fees for Legal Services," provides, in pertinent part:
(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.

*63 (Emphasis added.) Ethical Consideration 2-17 of the Model Code of Professional Responsibility explains that a lawyer must charge clients reasonable fees because the "excessive cost of legal service would deter laymen from utilizing the legal system in protection of their rights." This Court recognizes that a lawyer's fee will vary in accordance with many factors; however, we fully concur with the expert witness's statement in this case that all of the time a lawyer spends on a case is not necessarily the amount of time for which he can properly charge his client. As explained by the expert witness, "[I]t's the time that reasonably should be devoted to accomplish a particular task." This statement is consistent with the principles we set forth in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), and Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), neither of which allows billing clients solely on billable hours or charging clients without determining what is the reasonable time to accomplish a particular task. Further, absolutely no justification exists to bill for twenty minutes for every phone call or for a minimum of forty-five minutes to prepare a page of a document without regard to the amount of time actually spent. Nor is it proper to bill clients for pro bono services to be rendered to others.
The significant factors in determining a reasonable fee in this case include the amount involved and the benefit to the client, neither of which is disputed. Particularly important is the amount of time that should have been devoted to accomplish these particular tasks. We find that any prudent lawyer would find that the fees in this case were clearly excessive.
We find that Richardson's misconduct was not minor and that the appropriate discipline should be a ninety-one-day suspension with reinstatement after proof of rehabilitation and a two-year probationary period following reinstatement. In accordance with the referee and the probate court decision, we find that Richardson must pay the final judgment of $15,470, plus interest, prior to reinstatement.
Accordingly, we suspend T. Carlton Richardson from the practice of law for ninety-one days commencing May 21, 1990, thereby giving Richardson thirty days to take the necessary steps to protect his clients. Richardson shall accept no new business after the date of this opinion. Judgment for costs in the amount of $5,144.81 is entered against T. Carlton Richardson, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] This Court also denied Richardson's petition for a writ of mandamus in Richardson v. Alvarez, 525 So.2d 880 (Fla. 1988).
[2] This figure is taken from the trial court's amended order on refund of attorney's fees in In Re Estate of Leula King, Deceased, No. 8400732 (Fla 13th Cir.Ct. Sept. 15, 1988).