591 So.2d 908 (1991)
THE FLORIDA BAR, Complainant,
v.
T. Carlton RICHARDSON, Respondent.
No. 76395.
Supreme Court of Florida.
October 31, 1991.
Rehearing Denied February 4, 1992.
*909 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
T. Carlton Richardson, pro se.
PER CURIAM.
T. Carlton Richardson seeks review of the referee's finding of guilt and recommended discipline in this matter. We have jurisdiction. Art. V, § 15, Fla. Const.
Richardson represented the personal representative of an estate in a probate proceeding in circuit court. Judge Alvarez, a circuit court judge sitting in the probate division, determined that an attorney's fee charged by Richardson was excessive and ordered him to reimburse the estate.
Richardson appealed Judge Alvarez's decision to the Second District Court of Appeal, arguing that the judge lacked jurisdiction to order the refund of excessive compensation because the payment had been rendered by the personal representative personally, rather than from the estate. The district court of appeal found this argument to be without merit, and remanded to the probate court to correct the amount of the reimbursement. Richardson v. Jones, 508 So.2d 739 (Fla. 2d DCA 1987). Review by this Court was denied. 518 So.2d 1277 (Fla. 1987). After recalculation by the probate court, Richardson again attempted to appeal. This appeal was dismissed as untimely filed. Richardson was later suspended for ninety-one days for charging a clearly excessive fee. The Fla. Bar v. Richardson, 574 So.2d 60 (Fla. 1990), cert. denied, ___ U.S. ___, 112 S.Ct. 57, 116 L.Ed.2d 33 (1991).[1]
Richardson next sought two writs of mandamus from this Court, one seeking to compel the district court of appeal to reinstate his second appeal and one seeking to vacate the latest judgment entered by Judge Alvarez and to compel the probate court to withdraw jurisdiction. This Court denied both petitions.
Richardson then filed a complaint in the United States District Court for the District of Columbia, alleging that the reimbursement order violated his civil rights because of a lack of jurisdiction. Named defendants in this suit included the personal representative and his wife, the attorneys who succeeded Richardson in the probate matter, Judge Alvarez, and the judges and justices of the Second District Court of Appeal and this Court. Richardson sought *910 one million dollars in damages, as well as injunctive relief.
The federal court granted the defendants' motions to dismiss the action. In addition, the court found that "the complaint is both manifestly frivolous and malicious," and imposed sanctions under Rule 11 of the Federal Rules of Civil Procedure.
The Florida Bar instituted disciplinary proceedings against Richardson. A formal hearing was held, and the referee found Richardson guilty of violating rule 4-3.1 of the Rules Regulating The Florida Bar (a lawyer shall not file a frivolous claim). Specifically, the referee found that "[r]easonable inquiry by a graduate of a law school, a certified member of the Florida Bar, or any lay person would clearly show that the lawsuit as filed by... Richardson was clearly unwarranted on the grounds of (1) judicial immunity, (2) res judicata, and (3) lack of federal jurisdiction over these probate proceedings." The referee recommended discipline of a ninety-one-day suspension and payment of costs.
Richardson first argues that the referee's finding of guilt should be overturned. He claims that his federal lawsuit was not without merit, again raising the argument that the probate court lacked jurisdiction to order reimbursement of attorney's fees. He also argues that there is insufficient record evidence to support the referee's findings.
We reject these claims and find that the referee's findings are supported by clear and convincing evidence. The Bar introduced substantial competent evidence of the frivolity of Richardson's federal suit, including court opinions specifically rejecting Richardson's jurisdictional argument, the federal court order deeming the complaint to be "manifestly frivolous and malicious," and Richardson's own testimony, which indicated a lack of familiarity with even the leading cases on judicial immunity.
Richardson next raises several due process claims. He argues: (1) the grievance committee which determined probable cause in this case excluded African-Americans; (2) participation by Bar counsel in the grievance committee proceedings is improper, especially since the accused attorney is not allowed to be present; (3) the grievance committee considered irrelevant evidence of the prior disciplinary action for excessive fees; (4) the referee improperly limited discovery by granting the Bar's motion for a protective order; (5) the referee improperly admitted hearsay evidence of Judge Alvarez's letter and the Florida Attorney General's motion to dismiss the federal claim; (6) the referee improperly allocated the burden of proof; (7) the discipline was imposed without due process given the lack of a "penalty phase" hearing; (8) costs were imposed without an adequate opportunity to respond; and (9) Rule 3-7.6(k)(1)(5) of the Rules Regulating The Florida Bar, which allows the imposition of costs, is unconstitutional. We find these claims to be without merit and summarily reject them.
Finally, Richardson argues that the referee's recommended discipline is too harsh and that a private reprimand should be imposed instead. In mitigation, Richardson argues that he holds a graduate degree in law, is a former law professor, has participated in numerous hours of continuing legal education, and has a spotless disciplinary record after nineteen years of practice, except for the two proceedings arising out of this incident. The Bar has alleged no pattern of misconduct, but merely a single isolated incident. In addition, Richardson's character and reputation is good, and there was already an imposition of sanctions by the federal judge who dismissed the claim.
Neither the Bar nor this Court wishes to stifle innovative claims by attorneys. Nevertheless, under the rules of professional conduct, the pursuit of imaginative claims is not without limit. The standard embodied in rule 4-3.1, requiring a good-faith argument for the extension, modification, or reversal of existing law, is broad enough to encompass those cases where the claims are the result of innovative theories rather than, as here, an obsessive attempt to relitigate an issue that has failed decisively numerous times. The federal *911 court in this case specifically found this claim to be frivolous and malicious. Although the referee made no explicit finding of bad faith, Richardson's failure to meet the standard embodied in the rule certainly calls into question either the purposes of the law suit or Richardson's overall ability to practice. However, recognizing that this incident stems from the same set of facts that resulted in Richardson's current suspension, we have determined to reduce the referee's recommendation to sixty days.
Accordingly, respondent T. Carlton Richardson is hereby suspended for a period of sixty days from the date of this opinion. Judgment for costs in the amount of $1,879.68 is hereby entered against Richardson, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Richardson was also required to serve a two-year probationary period following reinstatement. His reinstatement is contingent upon the payment of the probate court's final judgment. Richardson, 574 So.2d at 63.