HERSEY, Judge.
This is a consolidated appeal concerning three orders entered in the probate proceedings of the estate of Edna Vivian Winston. Appellant, Ronald Winston, is the personal representative of the estate of his late mother, Edna Winston. Appellee, Bruce Winston, is also a son of Edna Winston and a co-beneficiary with his brother Ronald under her will. During her lifetime, Edna Winston changed her domicile from New York to Florida. Her two sons, as guardians of her person and property, transferred certain of her assets to the New York trustees of the Marital Trust established by the will of her late husband, Harry Winston. Later, by a codicil to Edna’s will, a power of appointment under Harry’s will was executed, requiring that costs, fees and estate taxes subsequently to be incurred in the administration of her estate be paid by the trustees out of assets in the marital trust upon appropriate certification by the personal representative of her estate.
Edna died, and her estate was probated in Florida. While the facts and legal effect are disputed, we will assume for purposes of this preliminary statement of the case that appellee, Bankers Trust Company, was employed by Ronald in his capacity as personal representative of Edna’s estate to perform certain agency functions for the estate. Appellee Rogers & Wells, a New York law firm, was similarly employed to perform legal services for the personal rep *1325 resentative. Both were to be compensated from assets in the New York marital trust upon certification by the Florida personal representative.
In due course, Ronald filed in the Florida probate proceedings his final accounting and petition for discharge as personal representative. The accounting indicated payments made to Bankers Trust Company and Rogers & Wells. Bruce filed various objections to the accounting, which included specific objections to these payments. Ronald then filed a petition to review employment of the agents in order to obtain court approval of the payments in question. Various motions were filed and, after hearing, the court entered the orders now appealed.
A preliminary issue is whether the three orders in question are non-final, non-appealable orders. It is necessary therefore to briefly examine the motions involved and the orders disposing of each of them.
Bankers Trust Company filed a motion to dismiss the petition seeking review of the employment of the agents. The grounds upon which the bank based its motion were the following: that the bank did not perform services for the Florida estate; that it was not being compensated from Florida estate assets; and that, in any event, the matter of its compensation was already being reviewed by the New York court which had jurisdiction over the Marital Trust. Without taking evidence of the nature and extent of services rendered by the bank, or its employment relationship with the Florida personal representative, the probate court granted the bank’s motion to dismiss.
Florida Probate Rule 5.100 provides that: “All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal....” See Estate of Baker, 327 So.2d 205 (Fla.1976), for the proposition that an administrator or an executor is included in the term “party” in determining whether an order finally determines a right of a party.
When Bruce objected to the final accounting, he placed at issue the compensation paid or to be paid to Bankers Trust Company. It follows without the necessity of citation of authority that the personal representative is subject to surcharge for any improper or excessive payments. Thus, the personal representative has the same right to have the court review the employment relationship and the reason-ábleness of the compensation as a party who may bear the impact of such payment. See § 733.6175, Fla.Stat. (1991); see also Sheffield v. Dallas, 417 So.2d 796, 798 (Fla. 5th DCA 1982). If it is then determined that the payment was improper in some way, such as by being excessive, under most circumstances the payee (here Bankers Trust Company) can be required to return the overage or amount otherwise improperly paid. Dismissal of Bankers Trust Company frustrates this possibility, thereby placing the personal representative at risk of surcharge without recourse to the entity benefitting from the excess payment. Thus, the order is final and appeal-able.
It is not a sufficient refutation of this position that the matter of compensation is before another court. In the first instance it is not clear from the record as to the nature and extent of the inquiry that will be made in the New York proceedings. More importantly, however, the Florida probate court has exclusive jurisdiction and is obligated to review estate fees upon the petition of a proper party. See § 733.6175, Fla.Stat. (1991); see also Estate of Goodwin, 511 So.2d 609 (Fla. 4th DCA 1987).
As we noted earlier, the probate court has not yet held an evidentiary hearing on the question whether Bankers Trust Company was employed by Ronald in his capacity as personal representative of the Florida estate. The fact that Ronald’s accounting includes the compensation of Bankers Trust Company as an item to be approved, coupled with the representation in the bank’s motion to dismiss that it “was re *1326 tained as agent by Ronald Winston on March 6,1980 and services were performed as such ... ”, may be enough to carry the issue. We are not prepared to so hold, however, and leave that issue open for resolution by the probate court after an evidentiary hearing.
Bankers Trust Company makes the further argument that the issue of compensation is not properly before the Florida court because the source of that compensation will be the New York Marital Trust. If Bankers Trust Company was employed by the Florida personal representative, and if it performed services for the estate, then we deem the source of the funds immaterial. This is particularly so where the issue of compensation is specifically injected into the Florida probate proceedings by the personal representative, as is the case here, where the compensation of Bankers Trust Company is included as an item in the final accounting and approval of that item is sought in the Florida probate proceedings. Semble: Richardson v. Jones, 508 So.2d 739, 740 (Fla.2d DCA), rev. denied, 518 So.2d 1277 (Fla.1987).
Upon remand it will be necessary for the trial court to hold an evidentiary hearing upon appropriate application by a proper party to determine the nature of Bankers Trust Company’s employment relationship with the Florida estate, and, thereafter, depending upon the results of that eviden-tiary hearing, to consider and resolve the issue of the reasonableness of the compensation paid or to be paid to Bankers Trust Company.
While most of the foregoing analysis has equal application to the situation of Rogers & Wells, the probate court simply abated the action with regard to that party. As a consequence, the order of abatement is a non-final order not otherwise appeal-able, and we dismiss that aspect of the appeal. It would seem appropriate, however, for the lower tribunal to consider all of the issues regarding compensation at the same time, so that the order of abatement may be rendered moot.
We deem the Order on Motion Denying Personal Representative’s Motion To Dismiss Or Abate similarly to have been rendered moot, but in any event it is not a final order and we dismiss that aspect of this appeal as well.
DISMISSED IN PART; REVERSED IN PART AND REMANDED.
POLEN and FARMER, JJ., concur.