SHAHOOD, J.
Appellant, Laura R. Morrison, appeals an Order of the Court on its own motion holding her in contempt in connection with her representation of the estate of Joseph E. DeMarco. We affirm the Order Regarding Sanctions Imposed Against Laura Morrison, Esq. For Her Failing to Comply With the Court Order. This opinion ad *181 dresses only the issue of whether the trial court had jurisdiction to order appellant, as the attorney for the personal representative of the Estate of Joseph E. DeMarco, to account for fees she received at the closing of the sale of the condominium property.
In this case the decedent, Joseph E. DeMarco, was shot and killed by his former wife Lucille DeMarco. At the time of his death he owned and was in possession of a Cadillac automobile valued at $27,000, personal property valued at under $10,000, and a condominium unit valued at $150,000.
Decedent, Joseph E. DeMarco and Lucille DeMarco were divorced by Final Judgment of Dissolution of Marriage dated October 10, 1995. Joseph DeMarco died intestate on October 22, 1996, a single man leaving no surviving spouse. James Joseph DeMarco, an adult male and decedent’s only child and only lineal descendant was appointed personal representative of decedent’s estate. Appellant, Laura Morrison, Esq., represented the personal representative, James Joseph DeMarco.
The decedent’s former wife attempted to obtain control and possession of the decedent’s condominium, alleging that she was entitled to the property pursuant to a marital settlement agreement between her and the decedent. She produced a quitclaim deed, purportedly executed by the decedent, to substantiate her claim, and was granted possession of the condominium. The quitclaim deed was later determined to be a forgery.
Thereafter, the personal representative, still represented by appellant, filed a petition seeking authorization from the court for the personal representative to sell the decedent’s condominium, which the court granted. Appellant then filed a petition to permit the personal representative to distribute the proceeds of the sale of the condominium in any way he saw fit. In the petition, it was asserted that the personal representative was the sole beneficiary of the homestead property; therefore, the property passed outside of the estate.[1] The court entered an order directing the attorney handling the closing to distribute the proceeds of the sale “in the manner directed by the beneficiary James Joseph DeMarco.” The sale took place the following month. The closing statement indicated a payment of $23,500 in “notary fees” to appellant.
Approximately four months after the sale, a dispute arose in connection with appellant’s representation of the personal representative and he filed a motion to substitute John W. Field as counsel for the estate; the court granted the motion. Thereafter, a motion was promptly filed demanding from appellant an accounting for the $23,500 which she received at the closing on the sale of the condominium and an explanation as to the whereabouts of the Cadillac which was last under her control. Following a hearing which appellant did not attend, the court entered an order demanding an accounting on the two items and added the following written notation:
*Counsel must also account for any and all fees she received from this estate and any and all monies advanced to repair the 1996 Cadillac.
The accounting must be [received] within twenty-one (21) days or sanctions will be imposed.
*182 Appellant filed a motion for rehearing alleging that she had voiced her objection to the accounting to Mr. Field prior to the hearing but had later learned that he represented to the court that she had no objection. It was appellant’s position that she was not required to account for the money she received at closing because the condominium was a non-probate asset. At a subsequent hearing, she explained that the money was distributed to her at closing, at the beneficiary’s direction, as a negotiated fee to cover “maybe thousands of hours of work that was done for the DeMarcos in a variety of cases in a variety of things.” There was no written fee agreement.
After hearing arguments, the court found appellant to be in contempt of court and ordered appellant to file an accounting of any and all fees she had received with respect to this particular case. When appellant failed to comply, the court entered the order under appeal, which holds appellant in contempt for failure to comply with the prior order and directs her to “repay to the Attorney for the Personal Representative any and all fees received from the above captioned estate” and “file an accounting listing all fees received by [appellant] while she was the attorney for the personal representative.”
On appeal, appellant argues that the trial court erred in requiring her to account for the money she received from the beneficiary after the sale of the condominium because the condominium is homestead property and, thus, a non-probate asset. We disagree and hold that the probate court had jurisdiction to order appellant to account for the money she received from the sale of that property.
Even though the payment of the $23,500.00 in “notary fees” was deducted from the proceeds of the sale of the condominium, a non-probatable asset, they were in fact payment for other services performed by appellant in connection with her representation of the estate. Based on the record before us, appellant has failed to demonstrate that those fees were unrelated to the probate of the estate and outside the court’s jurisdiction.
AFFIRMED.
KLEIN and HAZOURI, JJ., concur.

. Although a petition to determine homestead status was filed, there is no corresponding order in the record.