SCHER, ROSEMARIE, Associate Judge.
Richard W. Vazza and Stephen F. Vaz-za, former personal representatives of their father’s estate, appeal the trial court’s December 8, 2013 “Order on [Successor] Personal Representative’s Motion to Void and Set Aside Transactions Involving Conflicts of Interest.” The order required the Vazzas to return and reimburse the estate for allegedly improperly distributed funds.
Despite the disputed allegations regarding whether the Vazzas acted properly under Florida law and within their statutory power, the trial court entered its order requiring return of specific funds without holding an evidentiary hearing. Accordingly, we reverse and remand the case back to the trial court to hold an evidentia-ry hearing. See In re Estate of Winston, 610 So.2d 1323, 1325 (Fla. 4th DCA 1992) (citing § 733.6175, Fla. Stat. (1991)) (“[T]he Florida probate court has exclusive jurisdiction and is obligated to review estate fees upon the petition of a proper party.”).

Reversed and remanded for evidentiary hearing.

GROSS and MAY, JJ., concur.