CASANUEVA, Judge.
Gary T. Faulkner appeals an order dismissing his petition to review the'compensation paid to attorneys who were hired to assist in the administration of the Estate, of Katherine L. Faulkner (“the Estate”). We conclude that the trial court erred in dismissing Mr. Faulkner’s petition and reverse.
I. FACTS AND PROCEDURAL HISTORY
As personal representative of the Estate, Mr. Faulkner hired the Woodruff Law Firm on December 21, 2008, and the Salem Law Group on January 13, 2009, to assist in the administration of the Estate.[1] Although the Estate consisted of $4594.02 in personal property and a house that sold for $150,000, the attorneys charged $39,869.24 for work performed in the uncontested formal administrative proceeding.
Mr. Faulkner filed his original petition for review of compensation of the Estate employees as an interested person on May 28, 2010. The petition asked the probate court to review the reasonableness of the attorney’s fees paid to Kirsten Woodruff, Heather Lang, and Richard Salem. The petition was dismissed without prejudice based on the court’s finding that Mr. Faulkner was required to interplead himself, as personal representative, into the action. Thereafter, Mr. Faulkner filed his amended petition for review of compensation of the Estate employees as both “an interested person” and as personal representative of the Estate.[2] He cited section 733.6175, Florida Statutes (2010), and Florida Probate Rule 5.355 as authority for the probate court to review the reasonableness of the fees.
In moving to dismiss the amended petition, Appellees argued, and the probate court agreed, that section 733.6175 required Mr. Faulkner to interplead himself, as the personal representative, as a respondent to his petition. Section 733.6175 provides as follows:
(1) The court may review the propriety of the employment of any person employed by the personal representative and the reasonableness of any compensation paid to that person or to the personal representative.
(2) Court proceedings to determine reasonable compensation of the personal representative or any person employed by the personal representative, if required, are a part of the estate administration process, and the costs, including *321 attorneys’ fees, of the person assuming the burden of proof of propriety of the employment and reasonableness of the compensation shall be determined by the court and paid from the assets of the estate unless the court finds the requested compensation to be substantially unreasonable. The court shall direct from which part of the estate the compensation shall be paid.
(3) The burden of proof of propriety of the employment and the reasonableness of the compensation shall be upon the personal representative and the person employed. Any person who is determined to have received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds.
(Emphasis added.)
Appellees claim that subsection three places the burden of proof as to the reasonableness of attorney’s fees on both Mr. Faulkner, as personal representative, and the attorneys. Therefore, they argue that Mr. Faulkner was required to interplead himself as a respondent in the action, which would make him both the petitioner and the respondent. We disagree that the statute requires this result.[3]
II. ANALYSIS OF SECTION 733.6175
Section 733.6175 provides a circuit court with the authority to determine the reasonableness of compensation paid to a personal representative or any person employed by the personal • representative. Accordingly, the personal representative has the burden to establish that its fees were reasonable, and likewise, a person hired by the personal representative has the burden of proving that their fees were reasonable. The Fourth District has held that, because a personal representative may be responsible for the payment of excessive fees, “the personal representative has the same right to have the court review the employment relationship and the reasonableness of the compensation as a party who may bear the impact of such payment.” In re Estate of Winston, 610 So.2d 1323, 1325 (Fla. 4th DCA 1992).
To the extent that any ambiguity may exist regarding who bears the burden of proof when there is a challenge to the reasonableness of the attorney’s fees charged to an estate, an examination of the statute’s legislative history is helpful. See W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 9 (Fla.2012). Section 733.6175 was amended effective January 1, 2001. Ch. 01-226, § 143, Laws of Fla. The House of Representatives Staff Analysis, H.B. 0137, section 135, March 7, 2001, explains the “Present Situation” as follows:
The probate court may determine the propriety of any cost, fee, or commission payable to a personal representative or professional employed by the estate. If contested, the party seeking the cost, fee or commission has the burden of showing the propriety of the employment and the reasonableness of the cost, fee or commission.
Fla. H.R. Comm, on Jud. Oversight. HB 137 (2001), Staff Analysis (Mar. 7, 2001), available at (http://archive.flsenate.gov/ data/session/2001/House/bills/analysis/pdf/ 2001h0137a.ba.pdf) (emphasis added). Therefore, it appears that the legislature intended that the party seeking fees would bear the burden of establishing the reasonableness of such fees. Otherwise, a personal representative could never petition a *322 court to review the reasonableness of attorney’s fees in probate proceedings.
The probate court also. questioned whether it was the correct venue to determine the reasonableness of the attorney’s fees, suggesting that a suit for unjust enrichment or a proceeding before The Florida Bar may be the appropriate mechanism to review the fees. The court was incorrect. As the First District noted in Bookman v. Davidson, 136 So.3d 1276, 1280 (Fla. 1st DCA 2014),
Section 733.6175(2), Florida Statutes, provides that “[c]ourt proceedings to determine the reasonable compensation of the personal representative or any person employed by the personal representative, if required, are a part of the estate administrative proceedings. ...” (Emphasis added.) Accordingly, it has been held that “the Florida probate court has exclusive jurisdiction [over the matter of compensation] and is obligated to review estate fees upon the petition of a proper party.” In re Winston, 610 So.2d 1323, 1325 (Fla. 4th DCA 1992).
See also Glantz & Glantz, P.A. v. Chinchilla, 17 So.3d 711, 712 (Fla. 4th DCA 2009) (where trial court held evidentiary hearing on reasonableness of attorney’s fees after personal representative, who had retained attorney, wrote a letter to the court voicing her concern about the law firm’s billing).
Appellees also argue on appeal that the probate court could not determine whether their fees were reasonable, because the fees were paid from the proceeds of the sale of homestead property, and homestead property is excluded from the value of an estate in probate court.[4] See § 732.402, Fla. Stat. (2010). Therefore, they contend, the probate court did not have jurisdiction to review the reasonableness of the fees and this dispute must be heard in the civil division of the circuit court. Appellees’ argument is meritless.
In Richardson v. Jones, 508 So.2d 739, 740 (Fla. 2d DCA 1987), the attorney argued that the probate court did not have the authority to order him to reimburse the estate for excessive fees, because the attorney had been paid personally by the personal representative of the estate and not from the estate assets. This court held, “We find this argument to be without merit. The court’s order simply carries out its obligation to review and determine the reasonableness of compensation to be paid to an attorney for a personal representative.” Id. The fact that an attorney may be paid from sources separate from the estate does not divest the probate court of its authority to determine whether the fees charged are reasonable. See Morrison v. Estate of DeMarco, 833 So.2d 180, 182 (Fla. 4th DCA 2002) (holding that probate court had jurisdiction to order attorney to account for money she received from the sale of condominium that was homestead property, a nonprobate asset).
Although Appellees complained during the hearing on their motion to dismiss the amended petition that this case had been lingering for far too long, we note that Appellees could have agreed to a hearing to demonstrate that their fees were reasonable almost five years ago. During that five-year period, Appellees have continuously objected to the probate court’s examination of the reasonableness of the $39,869.24 in fees they charged the Estate.[5] Nearly 890 pages have been added *323 to the record in this probate case since Mr. Faulkner filed his original petition to review the compensation. In comparison, the portion of the record involving the administration of the Estate appears to consist of only 127 pages of record. A substantial amount of time and effort has been expended in an attempt to evade review of the reasonableness of Appellees’ fees.
III. CONCLUSION
We hold that a personal representative may petition the probate court to review the reasonableness of attorney’s fees pursuant to section 738.6175. As the party seeking fees, Appellees have the burden of proof to establish that their fees are reasonable. Accordingly, we reverse the order dismissing the amended petition for review of compensation of estate employees and remand for further proceedings.
VILLANTI, C.J., and ALTENBERND, J., concur.

. Mr. Faulkner hired the Woodruff Law Firm, and the Salem Law Group was brought into the case by an "informal co-counsel arrangement” between the two firms. The engagement letter with the Woodruff Law Firm states, "Woodruff Law occasionally works on cases such as yours with Salem Law Group, therefore Heather Lang and Kimberly Sparkes, among other people, may work on your case. Under an informal co-counsel arrangement between Woodruff Law and Salem Law Group, Woodruff Law is entitled to 15% of the fees paid to Salem Law Group. Salem Law absorbs this charge, it is not an extra cost to you. Salem Law will draft their own engagement letter and bill separately for their time.”

. Mr. Faulker is one of several beneficiaries of the Estate.

. Our review of the interpretation of section 733.6175 is performed de novo. Zingale v. Powell, 885 So.2d 277, 280 (Fla.2004).

. A notice of lien on the property was filed to secure the payment of attorney's fees and costs to Appellees. When the property was sold, Appellees received the balance due for their attorney’s fees.

. Section 733.617l(3)(a) states that attorney’s fees in formal estate administration proceed *323 ings are presumed to be reasonable if based on the compensable value of the estate, and where the estate has a value of $40,000 or less, a reasonable fee would be $1500.