# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1193
Lower Tribunal No. 21-4499 CC
_____

**Barry Kilcoyne,**
Appellant,

vs.

**Joseph P. George, Jr.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

South Florida Appeals, PA, and Wm. Allen Bonner, for appellant.

Elliot L. Miller, for appellee.

Before LOGUE, HENDON and LOBREE, JJ.

HENDON, J.

Barry Kilcoyne, personal representative of the estate of Ralph Muir, seeks to reverse a final order of the County Court of the Eleventh Judicial Circuit in Miami-Dade County in favor of Joseph P. George, Jr.'s claim for attorney's fees arising out of the administration of the estate. We reverse.

Because the circuit court has exclusive jurisdiction over proceedings relating to the settlement of the estates of decedents, including proceedings to determine a probate lawyer's compensation, we conclude that the county court did not have subject matter jurisdiction to determine this fee dispute. § 26.012(2)(b), Fla. Stat. (2023); § 733.6175, Fla. Stat. (2023); § 733.106(4), Fla. Stat. (2023); see also In re Est. of Udell, 501 So. 2d 1286, 1288 (Fla. 4th DCA 1986); Faulkner v. Woodruff, 159 So. 3d 319, 322 (Fla. 2d DCA 2015) (holding that "the Florida probate court has exclusive jurisdiction [over matters relating to probate attorney's compensation] and is obligated to review estate fees upon the petition of a proper party") (citing In re Winston, 610 So. 2d 1323, 1325 (Fla. 4th DCA 1992)).

Accordingly, we reverse the order on appeal, and remand the cause with instructions to transfer the case to the circuit court for further proceedings. Due to the disposition of the jurisdictional issue, we decline to reach the merits of the issues on appeal.

Reversed and remanded.