507 So.2d 729 (1987)
In re the ESTATE OF Austin PEARCE, Deceased.
No. 4-86-1974.
District Court of Appeal of Florida, Fourth District.
May 20, 1987.
*730 John R. Beranek of Klein & Beranek, West Palm Beach, and George H. Moss of Moss, Henderson & Lloyd, Vero Beach, for appellant John F. Pearce.
George E. Adams of Adams, Hill, Fulford & Morgan, Orlando, for appellee D.L. Pearce.
GLICKSTEIN, Judge.
This is an appeal of an order in Okeechobee County probate court, surcharging attorney's fees for an unauthorized appeal against the appellant, a co-personal representative, personally. We reverse.
Appellant, John F. Pearce, who was appointed copersonal representative in the probate of decedent Austin Pearce's estate, single-handedly and in that capacity appealed an order revoking probate of a will he had in good faith offered for probate. The basis of the order was undue influence of someone other than appellant. The appeal in Pearce v. Foster, 454 So.2d 721 (Fla. 4th DCA 1984), ended ultimately in dismissal, because section 733.615, Florida Statutes (1983), requires concurrence of all personal representatives for such an action. The other copersonal representative not only refused to concur in the appeal, but opposed it. This court did not at once dismiss the appeal, but remanded for determination of whether the co-personal representative's refusal to join in the appeal constituted grounds for her removal pursuant to section 733.504, Florida Statutes (1983). It was determined, upon relinquishment of jurisdiction, that the other co-personal representative should not be removed.
Attorney's fees of the parties who defended against the aborted appeal were at first allowed against the estate, but subsequently the probate court ordered appellant to bear personally the payment of all attorney's fees incurred during that appeal by any party and previously charged to the estate. This appeal followed.
The issue is whether the trial court erred in surcharging attorney's fees against the co-personal representative who proceeded in good faith with an appeal that is, however, unauthorized under section 733.615, Florida Statutes (1983). We conclude it did.
Appellant argues (a) if he had appealed as an individual beneficiary, rather than in his position as co-personal representative, the attorney's fees now surcharged to him would have been paid by the estate; and (b) his appeal was in good faith. Accordingly, he contends he should not have to pay the other parties' attorney's fees, but they should be paid out of estate funds. He admits, of course, that that appeal was properly dismissed because of the unmet requirement of section 733.615.
Appellees point out that according to section 733.609, Florida Statutes (1983), a personal representative is liable to interested persons for damage or loss resulting from breach of his fiduciary duty, if the personal representative improperly exercises power concerning the estate. Appellees contend that the dismissed appeal constitutes such an improper exercise of power, and the dismissal itself shows that appellant exercised estate power improperly. Hence, say appellees, the order surcharging the other parties' attorney's fees in the former appeal to appellant is correct. They point out all the usual steps up to and including oral argument were taken in the appeal, and that was costly.
Section 733.609, Florida Statutes (1983), reads as follows:
Improper exercise of power; breach of fiduciary duty.  If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust. In all actions challenging the proper exercise of a personal representative's powers, the court shall award taxable costs as in *731 chancery actions, including attorney's fees.
The section is located in Part VI of the chapter, entitled "Duties and Powers of Personal Representative." Section 733.602 is headed "General duties"; section 733.608 is headed "General power of the personal representative" and refers to his control of the estate's assets; section 733.612 identifies a large number of transactions authorized for the personal representative if the will or an order of the court has not provided otherwise; among these authorized transactions is the following:
(20) Prosecute or defend claims or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties.
We refer to the nature of the other nearby sections of the part to provide a context for section 733.609.
It is to be noted that the first sentence of section 733.609 makes "the personal representative ... liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust." It is small wonder that historically this provision and its antecedents have been applicable in cases where the personal representative has committed waste. The earlier part of the sentence, just quoted in part, is a conditional clause: "If the exercise of power concerning the estate is improper or in bad faith." We believe "improper or in bad faith" "exercise of power" in that clause and "breach of ... fiduciary duty" in the main clause refer to the same kind of conduct. We hold if the personal representative's conduct is improper or in bad faith to the extent of breaching his fiduciary duty and causing interested persons damage or loss, the personal representative can be liable to those persons under this section. The conduct here so far as can be seen from the record, does not approach that kind of improper conduct. This court remanded the former appeal for determination of whether the other co-personal representative should be removed for refusing to join in the appeal. This court never reached the merits of that appeal.
In Beck v. Beck, 383 So.2d 268 (Fla. 3d DCA 1980), the court stated that the personal representative of an estate and the guardian of property are required to exercise the same standard of care as a trustee of an express trust. The court cited, among other statutory sections, section 733.602(1), which sets forth the general duties of a personal representative.
In light of the provision of section 733.106(2) and the provision of section 733.612(2), we do not perceive appellant's attempt here to appeal the probate court's order on the will for which appellant was proponent as a breach of his fiduciary duty, merely because it is the effect of another statute that a co-personal representative may not "go it alone" to appeal a probate court order that he could appeal if he were the sole personal representative. If appellant's conduct here was egregious, the opposing parties have failed to show it.
Inasmuch as section 733.609 likens the role of a personal representative to that of a trustee of an express trust, we find it helpful to see what is the usual law respecting surcharge, which is payment by a trustee of damages to a beneficiary out of the trustee's own funds for breach of trust. Bogert says that such a right in favor of beneficiaries arises, according to the cases, from the following actions of the trustee: making of unauthorized payments to other beneficiaries; conversion of trust property; negligence in recording instruments affecting the trust property, or in obtaining security, or in collecting trust property, or in holding the property until it became worthless; wrongful sale of trust property, and negligence or misconduct in the making or retaining of investments. Bogert, Trusts and Trustees § 862 (2d ed. 1982). From this litany it seems inappropriate to surcharge a co-personal representative for attorney's fees incurred by estate beneficiaries when the co-personal representative *732 erroneously attempted to appeal a determination of the probate court that the will he propounded and thought in good faith was valid was obtained by another person's undue influence.
Recent Florida case law involving section 733.609 typically concerns conversion of estate business interests, as in In re Corbin's Estate, 391 So.2d 731 (Fla. 3d DCA 1980) (estate's personal representative acts as fiduciary of beneficiaries and is practically, trustee of an express trust; estate could recover, on the personal representative's malfeasance in sale of estate's business, either for conversion or breach of fiduciary trust, but not both). A point made in that case, albeit quoting from Dacus v. Blackwell, 90 So.2d 324, 328 (Fla. 1956), is that the personal representative should not be allowed to profit by failing to do what the fiduciary relationship requires him to do.
We believe section 733.609 provides for holding a personal representative accountable for malfeasance and misfeasance in conducting the affairs of the estate and should not be construed to concern what is no more than an effort to carry out one's obligations to the estate as one sees them, while being ignorant of the fact an appeal will not lie if only one of two co-personal representatives attempts to maintain it.
Appellees make much of the fact that the amount of the attorney's fees here at issue was substantial because the appeal went all the way to oral argument before it was determined that the statute would not permit a single co-personal representative to maintain such an appeal. In response we observe that the fact the appeal went that far suggests appellant's error, if that is a proper characterization, was hardly the kind of fault that would support a surcharge. Arguably, this court's deferral of action on a motion to quash that appeal, until after argument on the merits, suggests that the effect on that appeal of section 733.615 was less than clear to this court. Appellant's conduct in mounting the appeal was not patently improper, when there was the possibility the other co-personal representative's refusal to join in the appeal was improper.
HERSEY, C.J., and GUNTHER, J., concur.