659 So.2d 474 (1995)
MANUFACTURERS NATIONAL BANK OF DETROIT and Manufacturers Bank and Trust Company of Florida, Appellants,
v.
Michelle MOONS and Molly Leban, as Co-Guardians of the person and property of Mary L. Moons, Incompetent, Appellees.
No. 93-3081.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
Phillip G. Newcomm and Sally M. Richardson of Shutts & Bowen, Miami, for appellants.
Stephen M. Carlisle of Carlisle & LeCates, Fort Lauderdale, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellants, trustees of certain trusts administered in the State of Michigan, contend that the guardianship court, in ordering them to provide an accounting and other information to the co-guardians of the person and property of an incapacitated beneficiary, erred because the court had not acquired personal jurisdiction over them. We agree.
Appellees, the co-guardians of the person and property of Mary L. Moons, an incapacitated person, had previously filed an independent civil action against the appellants. To obtain funds with which to pay counsel in that suit, appellees filed a petition in the guardianship requesting the court to direct one of the appellants, Manufacturers National Bank of Detroit ("Manufacturers/Detroit"), as trustee of the Mary L. Moons Trust, ("Moons Trust") to pay $10,000 from the trust assets to the appellees' counsel as a retainer for services in the separate action. A copy of that petition, together with notice of hearing, was sent by regular mail to Manufacturers/Detroit's counsel, who appeared at the hearing and advised the court that (1) the court had not acquired jurisdiction over the trustees, and (2) there were no assets in the Moons Trust. The court then entered the order here appealed which held the petition for fees to be moot, apparently because there were no assets in the Mary L. Moons Trust. In addition, and of significance to this appeal, the court ordered the appellants to furnish to appellees certain accounting and other information, *475 relief that appellees neither requested in the petition nor noticed for hearing.
Appellees, acknowledging here that the accounting which the court ordered appellants to furnish had been furnished to appellees before the filing of the petition, now assert that this appeal should be dismissed as moot. This would be a logical disposition of the appeal were it not for the fact that the order, if left undisturbed, would appear to leave appellants subject to the court's jurisdiction without any proper basis.
Jurisdiction over persons or entities is ordinarily acquired by service of process on them, or by their voluntary appearance and submission to the court. Grand Couloir Corp. v. Consolidated Bank, 596 So.2d 697 (Fla. 2d DCA 1992); McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976). There was no service of process on appellants. Neither is there anything in the record to show that appellants voluntarily submitted to the jurisdiction of the court. Finally, no contention is made that either appellant qualified as an interested person in the guardianship estate under the statutory definition of "interested person." § 731.201(21), Fla. Stat. Since the only service on appellants was by informal notice under Florida Probate Rule 5.041, the issue is whether that was sufficient in a guardianship proceeding to give the court jurisdiction over a trustee of a trust merely because the ward is a beneficiary of the trust.
We answer that question in the negative on the authority of In re Estate of Black, 528 So.2d 1316 (Fla. 2d DCA 1988), which held that the "formal notice" used to obtain service in probate and in guardianship matters was not sufficient in trust related proceedings to confer on the court jurisdiction over the trustee; rather, pursuant to section 737.201, Florida Statutes, proceedings related to trusts were governed by the Rules of Civil Procedure. The latter, of course, prescribe summons or other process issued by or under authority of the court and served as provided by law.
Because the court had not acquired personal jurisdiction over the appellants, we reverse that part of the order appealed which ordered the appellants to furnish to appellees certain accounting and other information. This disposition renders moot the remaining issue.
Reversed, in part, and remanded.
GUNTHER, C.J. and FARMER, J., concur.