760 So.2d 282 (2000)
Allan TAYLOR, Guardian of the Property of Samuel Mercedes, a Minor, and Individually, Appellant,
v.
Samuel MERCEDES, a Minor, By and Through his Parents and Next Friends, Magdalena and Jose MERCEDES; Magdalena Mercedes, Individually; Jose Mercedes, Individually; and Luis Bello, M.D., et al., Appellees.
No. 4D99-2982.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
Christian N. Scholin and Andrew A. Ostrow, West Palm Beach, for appellant.
Adam H. Lawrence of Lawrence & Daniels, Miami, for appellee Samuel Mercedes.
*283 POLEN, J.
Allan Taylor, guardian of Samuel Mercedes' property, appeals after the trial court entered an order of apportionment. By the order, the trial court sanctioned Taylor for improper use of Mercedes' funds. Of the several issues Taylor raises on appeal, we address only one. We hold the court erred in failing to give Taylor formal notice that he faced sanctions at the subject hearing and, thus, reverse.
This case stems from a wrongful birth action brought by Samuel Mercedes' parents on behalf of Samuel against several defendants. The trial court approved the settlement that the parents reached with the first group of defendants. He ordered that the monies be deposited into a restricted account after the probate court appointed a guardian of the property. The probate court then appointed Allan Taylor as guardian and approved his petition to disburse certain monies each month to pay for the parents' daily expenses. After settlement was reached with respect to the remaining defendants, the trial court entered an order of apportionment in which it sanctioned Taylor for improper use of some of the deposited funds. It ordered Taylor to reimburse the account in the amount of $8,707.49.
Taylor argues that the trial court, who shared concurrent jurisdiction over the matter with the probate court, erred in failing to give him any formal notice that he would face such sanctions at the apportionment hearing. We agree. Surcharging a guardian, as the trial court did here, is an adversarial proceeding.[1] Fla. Prob. R. 5.025(a). Formal notice must be served on a guardian before an adversarial proceeding may take place. Fla. Prob. R. 5.025(d). "If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as an adversary proceeding. The order shall require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall not be necessary to reserve the petition except as ordered by the court." Id. Guardians may waive their right to receive such formal notice only in writing. Fla. Prob. R. 5.180(a).
Our review of the record reflects that no such formal notice was ever served on Taylor prior to the apportionment hearing, and Taylor never provided written waiver of his right to receive such notice. Accordingly, reversal is required.
Of the remaining points raised on appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
STONE and GROSS, JJ., concur.
NOTES
[1] We reject the appellee's argument that the trial court's order was not tantamount to a surcharge.