862 So.2d 906 (2003)
LeRoy H. MERKLE, Jr., Appellant,
v.
GUARDIANSHIP OF Robert J. JACOBY, an incapacitated person, Appellee.
No. 2D02-2748.
District Court of Appeal of Florida, Second District.
December 24, 2003.
LeRoy H. Merkle, Jr., pro se.
No appearance for Appellee.
WALLACE, Judge.
LeRoy H. Merkle, Jr., the guardian of the person and property of Robert J. Jacoby, an incapacitated person (the Ward), appeals an order that required Merkle to refund to the guardianship estate the sum of $3,931.12 in fees that he had previously paid to himself. Because the circuit court entered the order without proper notice to *907 Merkle, we reverse and remand for further proceedings.

Facts and Procedural History
Merkle, an attorney, was appointed guardian of the person and property of the Ward in February 1996. The Ward's assets were limited; his monthly income consisted of a pension from the Department of Veterans Affairs, social security benefits, and a small amount of interest. Merkle regularly paid himself both guardian's fees and attorney's fees from the assets of the Ward without prior court orders approving the fees and authorizing the payments. Insofar as the record reveals, the various payments were disclosed on the annual accountings of the guardianship that Merkle filed with the court.
The Ward died on February 8, 2001, and Merkle subsequently filed his final accounting and petition for discharge. On May 3, 2002, the circuit court entered an "Order to Refund Money to Guardianship/Sole Heir" without prior notice to Merkle or a hearing. In the order, the circuit court found that Merkle had paid himself excessive amounts as compensation and ordered him to refund the sum of $3,931.12 to the guardianship estate.

The Applicable Law
A "surcharge" is the amount that a court may charge a fiduciary that has breached its duty. Black's Law Dictionary 1455 (7th ed.1999). In Lawyers Surety Corp. v. Saltz, 658 So.2d 1152, 1153 (Fla. 2d DCA 1995), this court said that the purpose of entering a surcharge against a guardian is to make whole the ward's estate. Pursuant to Florida Probate Rule 5.025(a), a proceeding to surcharge a guardian is an adversary proceeding unless otherwise ordered by the court. Florida Probate Rule 5.025(d), which governs notice and procedure in adversary proceedings, provides, in pertinent part:
(1) Petitioner shall serve formal notice.
(2) After service of formal notice, the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.
Unless the guardian has waived the right to formal notice in writing pursuant to Florida Probate Rule 5.180(a), it is error to surcharge a guardian absent service of formal notice as required by rule 5.025. See Taylor v. Mercedes, 760 So.2d 282, 283 (Fla. 4th DCA 2000).

Analysis
We conclude that the order directing Merkle to refund $3,931.12 to the guardianship estate was tantamount to an order surcharging the guardian. The order required Merkle to refund money to the guardianship estate because of an alleged breach of his fiduciary duties, i.e., the payment to himself of excessive compensation. Because the order amounted to a surcharge of Merkle as guardian, its entry was improper absent formal notice as required by rule 5.025(d) or a written waiver of formal notice by Merkle. See Fla. Prob. R. 5.025(a), (d); Taylor, 760 So.2d at 283. A review of the record discloses that no formal notice was served on Merkle prior to the entry of the refund order, and Merkle did not waive formal notice. Thus the entry of the refund order was improper under the rule.

Conclusion
We reverse the refund order and remand this case to the circuit court for further proceedings consistent with this opinion. Our decision in this case is based on procedural grounds. We express no opinion on the merits of the circuit court's proposed refund.
*908 Reversed and remanded for further proceedings consistent with this opinion.
NORTHCUTT and STRINGER, JJ., Concur.