PER CURIAM.
The appellant, the emergency temporary guardian in the proceedings below, challenges a final order of the trial court disposing of a motion for attorneys’ fees and costs and surcharging the appellant for *710 legal fees previously paid. He contends that the final order contains significant discrepancies and the trial court erred in surcharging him absent formal notice and an opportunity to be heard. We agree and reverse.
The appellant was appointed emergency temporary guardian after filing a petition to determine the capacity of his mother, Iva Snell. Following an adversarial evi-dentiary hearing, the trial court concluded that Ms. Snell was not incapacitated and terminated the temporary guardianship. Thereafter, Berg and Associates, P.A. (Berg), legal counsel for the appellant as the emergency temporary guardian, filed a petition for attorneys’ fees and costs. The petition listed Berg as the sole petitioner and sought fees and costs pursuant to section 744.108(1), Florida Statutes (2003).[1] Ms. Snell objected to the petition on the basis that the services rendered were not rendered on behalf of Ms. Snell, but in adversarial proceedings on behalf of the appellant to have Ms. Snell deemed incapacitated. A notice of hearing pertaining solely to Berg’s petition was sent by Berg to counsel for Ms. Snell and to the appellant. The appellant did not attend the hearing on Berg’s petition, and during the course of the hearing, there was absolutely no discussion as to whether the appellant should be ordered to reimburse Ms. Snell for legal fees already paid to Berg. The trial court rendered a final order indicating that the appellant was the sole petitioner for fees and costs, and granted the petition in part. Because the amount of fees and costs awarded was exceeded by the amount of fees already paid by the appellant to Berg, the trial court ordered that Ms. Snell recover $7,621.49 from the appellant.
On appeal, the appellant notes discrepancies in the final order indicating that he was the petitioner for fees and costs and a party to the proceedings below. He also contends that the trial court erred in entering a surcharge against him absent formal notice and an opportunity to be heard. We agree. Pursuant to Florida Probate Rule 5.025, proceedings to surcharge a guardian are treated as adversary proceedings requiring formal notice. In this case, formal notice of hearing was served, but that notice pertained solely to Berg’s petition. There was no notice regarding a potential surcharge. Indeed, Ms. Snell never raised the issue in any pleadings directed to Berg’s petition or during the hearing on the petition. Because there was no formal notice and the appellant was not given an opportunity to address the issue of surcharge, the portion of the final order ordering recovery against the appellant is reversed without prejudice to Ms. Snell seeking surcharge via duly noticed adversary proceedings. See Taylor v. Mercedes ex rel. Mercedes, 760 So.2d 282, 283 (Fla. 4th DCA 2000); Merkle v. Guardianship of Jacoby, 862 So.2d 906, 907 (Fla. 2d DCA 2003). Upon remand, the trial court is instructed to delete all surcharge provisions and all provisions indicating that the appellant was the petitioner for fees and costs or a party to the proceedings on the petition.
REVERSED and REMANDED with instructions.
DAVIS, BROWNING and LEWIS, JJ, concur.

. Section 744.108(1) provides that ''[a] guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.”