KLEIN, J.
Doreen Harding appeals an order denying her motion to surcharge Arnold Rosoff and Merrill Lynch, because of the decline in value of assets in a trust, while Rosoff and Merrill Lynch, as co-personal representatives, litigated the validity of the exercise of a power of appointment. She also asserts that the court erred in denying her attorney’s fees for benefiting the estate by prevailing in the litigation. We affirm.
Raymond Molinari executed a will in 1974, creating a testamentary trust to benefit his sister, Teresa Rosoff. Molinari granted Teresa the power of appointment to dispose of the assets in the trust in her will. If Teresa exercised the power of appointment within eighteen months of her death, the trust required it to be done in the presence of the officers of the trustee of the trust, or it would be invalid. The trust further provided that if Teresa did not exercise the power of appointment, the assets in the trust would be distributed equally to three people, if they survived Teresa. The appellant, Doreen Harding, was one of the three and the only one who survived Teresa.
In Teresa’s last will she purported to exercise the power of appointment, but did not do so as required by the trust, in the presence of the corporate officers of the trustee, and she died within eighteen months. In two earlier wills she had properly exercised the power of appointment. Her last will appointed her nephew, Arnold Rosoff and Merrill Lynch, as personal representatives.
After Teresa’s death Doreen Harding challenged Teresa’s exercise of the power of appointment in her last will, and the personal representatives litigated that issue, contending that under the theory of dependent relative revocation, if the third will had not been effective to exercise the power of appointment, a prior will should have been given effect. Harding prevailed, the personal representatives appealed, and this court affirmed. Rosoff v. Harding, 901 So.2d 1006 (Fla. 4th DCA 2005).
This appeal arises from a subsequent order of the trial court which rejected Harding’s claim that the personal representatives should be surcharged for the *914 twenty-five percent decline in value of the assets in the Molinari Trust during the delay caused by the litigation. It was Harding’s position that, but for the delay, she would have received the assets from the trust earlier and converted them into treasury bonds.
The personal representatives argue that there can be no surcharge, which is a charge against a fiduciary to compensate a beneficiary for the breach of fiduciary duty, Merkle v. Guardianship of Jacoby, 862 So.2d 906 (Fla. 2d DCA 2003), because there was no fiduciary duty to Harding. They point out that they are fiduciaries only of the Teresa Rosoff estate and that Harding is not a beneficiary of that estate. Harding is a beneficiary of the Molinari Trust, but the personal representatives are not fiduciaries of the trust. We are not persuaded by Harding that there is a fiduciary duty to her, but we need not decide that issue because the pursuance of the litigation by the personal representatives was consistent with the testator’s intent. Although they lost and we affirmed, we noted that “Teresa’s apparent intent has been thwarted.” Rosoff, 901 So.2d at 1010. The trial court was correct in finding no impropriety by the personal representatives.
Harding also contends that she should have been awarded attorney’s fees and costs for prevailing in the litigation under section 733.106, Florida Statutes (2005), because the litigation benefited the estate. In re Estate of Udell, 501 So.2d 1286 (Fla. 4th DCA 1986). Harding has cited no cases, however, which would support her theory that there was a benefit to the estate under these specific facts. She relies on In re Estate of McCune, 223 So.2d 787 (Fla. 4th DCA 1969), in which we stated that services which carry out the intent of the testator as expressed in the will are compensable from the estate. As we previously noted, however, this litigation thwarted the testator’s intent. Harding also cites Robinson v. Robinson, 805 So.2d 94 (Fla. 4th DCA 2002), in which this court affirmed an award of attorney’s fees to a beneficiary who successfully reformed a trust. In Robinson, however, the fees were awarded from the trust, not the estate. Under these facts, in which the litigation determined only who would be the beneficiary of the Molinari Trust, the trial court did not err in finding that there was no benefit to the estate.

Affirmed.

POLEN and MAY, JJ., concur.