PER CURIAM.
Appellant, Clifford Miller, as beneficiary of a family trust, filed a surcharge action[1] against the co-trustees of the trust. He sought damages alleging that the co-trustees improperly entered into a lease agreement that did not provide fair market value to the trust. He also sought to void the lease agreement. The lease agreement at issue was entered into by the trustees on behalf of the trust and a company in which the trustees hold an ownership interest. Appellant appeals from a final judgment refusing to remove co-trustees, approving the lease renewal, authorizing payment of attorney’s fees from trust assets, and entering judgment in his favor on one of his claims. The trial court’s finding that the trustees acted in the best interest of the trust in entering the lease are supported by competent, substantial evidence. Additionally, the trial court correctly concluded that Appellant failed to prove damages that would support imposing a surcharge against the trustees. See Crusselle v. Mong, 59 So.3d 1178, 1181 (Fla. 5th DCA 2011) (“The elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach.”).
However, the evidence was not sufficient to support approval of a new or renewed lease, prospectively. The original lease did not contain a renewal clause, and although one of the trustees testified that a new lease had been entered, the purported new lease was not presented to the court for approval. Accordingly, we affirm the final order in all respects except for the provision approving a renewed lease. It will be incumbent upon the trustees to secure approval of any new lease for the property, which involves a potential conflict of interest. See § 736.0802(2)(b), Fla. Stat. (2010).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SAWAYA, LAWSON and JACOBUS, JJ., concur.

. A surcharge action seeks to impose personal liability on a fiduciary for breach of trust through either intentional or negligent conduct. See Black’s Law Dictionary 1441 (6th ed. 1990); see also Harding v. Rosoff, 951 So.2d 912, 914 (Fla. 4th DCA 2007) (defining "surcharge” as "charge against a fiduciary to compensate a beneficiary for the breach of fiduciary duty”); Merkle v. Guardianship of Jacoby, 862 So.2d 906, 907 (Fla. 2d DCA 2003) (defining "surcharge” as “the amount that a court may charge a fiduciary that has breached its duty”).