CONNER, J.
A surcharge is an adversarial proceeding in guardianship court which allows property to be recovered from a guardian who had breached his fiduciary duty to a ward. Michelle Reed instituted a surcharge proceeding to recover a loss of consortium award obtained by Robert Long while Long pursued a medical malpractice claim on Frances Reed’s (the ward) behalf. Reed pursued surcharge on a theory that, since Long’s marriage to the ward was void, all monies obtained by Long for loss of consortium belong to the ward. Finding Reed may be able to state a cause of action, we reverse the trial court’s dismissal of Reed’s petition for surcharge with prejudice and remand for Reed to be provided the opportunity to amend her petition.
Michelle Reed is Frances Reed’s daughter and has been the guardian of her person and property. Frances has been in a coma since 2008 as a result of medical malpractice. When the guardianship proceeding began, Robert Long claimed to be the ward’s husband. As the ward’s husband, Long was initially appointed as limited guardian of the property “for the sole *239 purpose of pursuing any and all workers compensation claims and any other legal claims.” Long, as limited guardian, sought and was granted permission to prosecute a medical malpractice case on the ward’s behalf. He then pursued both a medical malpractice claim on the ward’s behalf and a loss of consortium claim on his own behalf. He obtained a settlement on both claims. The settlement was approved by the judge handling the malpractice case, but was never presented to the guardianship judge for approval. Long received ten percent of the settlement proceeds for his loss of consortium claim.
Reed and Long began engaging in legal skirmishes with each other. Eventually, Reed filed a petition for declaratory relief, seeking to determine the validity of the marriage between the ward and Long. Reed contended the ward never divorced her father before marrying Long. The trial court granted the petition, declaring the ward’s marriage to Long to be null and void.[1] Reed then filed a motion for leave to seek supplemental relief. Attached to the motion was a proposed petition with two counts. The first count sought to remove Long as limited guardian. The second count sought to surcharge Long for wrongfully seeking and obtaining a consortium settlement.
The trial court granted the motion allowing a supplemental petition for the removal of Long as limited guardian, but denied a supplemental petition for surcharge, holding the court “failed to find a viable cause of action.” The order states the denial was with prejudice. Reed moved for rehearing, which was denied.
Reed’s position in the trial court and on appeal is that the loss of consortium award belongs to the ward because the ward’s marriage to Long was void ab initio, and Long knew or should have known the marriage was invalid. Reed seems to assume that the ward’s estate would be entitled to the money arising from a defective loss of consortium award without considering that the overall settlement may have been less if Long had never sued for loss of consortium. Reed contends she is entitled to pursue a surcharge against Long to recover that award on behalf of the ward. In response, Long argues that Reed’s status does not confer standing to challenge the loss of consortium award.
Whether a particular form of relief is obtainable as supplemental relief is an issue of law, reviewed de novo. Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA 2011) (the standard of review on a trial court’s ruling regarding whether a complaint states a cause of action is de novo). Section 86.061, Florida Statutes (1967), permits a court to grant supplemental relief following entry of a declaratory judgment when such relief is “necessary or proper.” Port Everglades Auth. v. Int’l. Longshoremen’s Ass’n, Local 1922-1, 652 So.2d 1169, 1174 (Fla. 4th DCA 1995).
“A ‘surcharge’ is the amount that a court may charge a fiduciary that has breached its duty.” Merkle v. Guardianship of Jacoby, 862 So.2d 906, 907 (Fla. 2d DCA 2003). The purpose of such an award is to make the ward’s estate whole when the guardian’s actions cause loss or damage to the ward. Id.; Lawyers Sur. Corp. v. Saltz, 658 So.2d 1152, 1153 (Fla. 2d DCA 1995). As a surcharge would be a recovery for a breach of fiduciary duty by Long, Reed would need to show both (1) the existence of a fiduciary duty and (2) the breach of that duty such that it is the *240 proximate cause of damages to the ward. See Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. 4th DCA 2007) (quoting Gracey v. Eaker, 837 So.2d 348, 353 (Fla.2002)). We assume that Long, as limited guardian, owed a fiduciary duty to the ward, but it does not necessarily follow that a breach of that duty occurred simply because Long’s marriage to the ward is void.
We agree that the point of Reed’s motion seeking surcharge was to obtain funds Reed contends were diverted from the ward to Long. We also agree the return of an improper diversion of funds can be a matter which is “proper” as supplemental relief if a putative husband is proven not to be a legal husband, particularly when the limited guardian and the putative husband are one and the same person. However, we also agree with Long that the consortium claim is the claim of the spouse who does not suffer physical injury. See generally Lithgow v. Hamilton, 69 So.2d 776 (Fla.1954) (defining consortium). In seeking a consortium claim, there may have been conflict of interest issues between the ward and Long if the fund for settlement proceeds was inadequate to meet the needs of both. We cannot determine from the record on appeal whether there is an arguable claim for breach of fiduciary duty by Long.
Surcharge of a guardian is considered an adversary proceeding under the Florida Probate Rules, which is conducted “similar to suits of a civil nature” and “[t]he Florida Rules of Civil Procedure govern.” Fla. Prob. R. 5.025(a), (d)(2). Under Florida Rule of Civil Procedure 1.190(a), “a plaintiff has the absolute right to amend a complaint once as a matter of course before a responsive pleading is served, and a trial court has no discretion to deny such an amendment.” Boca Burger, Inc. v. Forum, 912 So.2d 561, 563 (Fla.2005). “A judge’s discretion to deny amendment of a complaint arises only after the defendant files an answer or if the plaintiff already has exercised the right to amend once.” Id. at 567. The trial court summarily dismissed the count, expressing that there is no viable claim, before allowing Reed the opportunity to amend her pleading to support the claim. This was error. See id.; Hawkins v. Crosby, 910 So.2d 424, 425 (Fla. 4th DCA 2005) (because no responsive pleading had been filed, the trial court had no discretion to deny a request to amend the complaint); Williams v. Gaffin Indus. Servs., Inc., 88 So.3d 1027, 1030 (Fla. 2d DCA 2012) (where a responsive pleading is permitted, a trial court does not have discretion to deny leave to amend on the basis that the complaint is not amendable until (1) the defendant has filed an answer or (2) the plaintiff has already exercised the right to amend once).

Reversed and remanded.

GERBER, J., concurs.
WARNER, J., dissents without opinion.

. The judgment declaring the marriage void was affirmed on appeal. Long v. Reed, 78 So.3d 549 (Fla. 4th DCA 2012).