DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KATHLEEN G. KOZINSKI,**
as Trustee and as Personal Representative,
Appellant,

v.

**AMY STABENOW** and **NORA FAUL,**
Appellees.

No. 4D14-1056

[November 5, 2014]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 502013CP001771XXXXNB.

Beverly A. Pohl of Broad and Cassel, Fort Lauderdale and Gary E. Lehman of Broad and Cassel, Miami, for appellant.

Edward Downey and Lee McElroy IV of Downey & Downey, P.A., Palm Beach Gardens, for appellees.

CONNER, J.

Appellant, Kathleen Kozinski, appeals the entry of a non-final order denying her motion to dismiss the Appellees' petition for lack of personal jurisdiction. Kozinski argues that the trial court erred in denying her motion to dismiss because she was never served with formal notice that she might be subject to personal liability. Specifically, Kozinski argues that the remedy of "surcharge" sought in the Appellees' petition against her *individually* constituted an adversary proceeding requiring service by formal notice under the Florida Probate Rules in order for the probate court to have personal jurisdiction over her individually, as opposed to personal jurisdiction over her as personal representative or trustee. We agree and reverse.

*Facts and Trial Proceedings*

Kozinski, an attorney, serves as the trustee of a trust created by her

mother, E.W.H. After E.W.H. died, Kozinski filed a notice of trust, which noted that the trust would be liable to E.W.H.'s creditors to the extent her estate was insufficient to pay them. Thereafter, a petition for administration of E.W.H.'s estate was filed as a separate case. Kozinski was appointed as personal representative of the estate. Subsequently, the two cases were consolidated. Appellees Stabenow and Faul, E.W.H.'s two other daughters, are beneficiaries under the will and the trust. Kozinski is also a beneficiary under the will and the trust.

Pursuant to sections 733.6175 and 736.0206, Florida Statutes (2014), the appellees filed a petition to review the compensation of Kozinski as personal representative and as trustee, as well as fees paid to Kozinski's law firm and the law firm of Broad and Cassel. In the petition, the appellees also objected to accountings based on the payment of the fees. The appellees claimed Kozinski had paid excessive fees from the estate and trust assets. The appellees asked the court to determine the reasonableness of the compensation and also "to enter such *surcharge or disgorgement* orders as are warranted," along with fees and other relief. (emphasis added).

The appellees' petition for review was not formally served upon Kozinski, but was sent via e-mail service to her counsel. In response, Kozinski filed a motion to dismiss the petition for lack of personal jurisdiction, arguing, among other things, that the appellees failed to invoke the court's personal jurisdiction over her where they sought surcharge and disgorgement against her in her *individual* capacity.

At the hearing on the motion, Kozinski argued that a surcharge action, which is based on a breach of fiduciary duty, was an adversary proceeding which required formal notice or a complaint served under the Florida Rules of Civil Procedure in order to obtain personal jurisdiction over Kozinski individually. *See* Fla. Prob. R. 5.025(a), (d). The appellees disagreed and argued that the petition was not an adversary proceeding and did not require formal notice. The appellees maintained that the remedy of a "refund" which is provided for under sections 733.6175 and 736.0206 was indistinguishable from a "surcharge," and asserted that the court already had jurisdiction over Kozinski as personal representative and trustee by virtue of her initial pleadings. The trial court denied the motion to dismiss, but granted a stay pending this appeal.

*Appellate Analysis*

"The denial of a motion to dismiss for lack of personal jurisdiction is reviewed de novo." *Kent v. Marmorstein*, 120 So. 3d 604, 605 (Fla. 4th

2

DCA 2013).

The appellees filed their petition in a probate case pursuant to section 733.6175 (Proceedings for review of employment of agents and compensation of *personal representatives and employees of estate*) and section 736.0206 (Proceedings for review of employment of agents and review of compensation of *trustee and employees of trust*). §§ 736.0206, 733.6175, Fla. Stat. Both statutes provide that "[a]ny person who is determined to have received excessive compensation [from a trust or estate] for services rendered may be ordered to make appropriate *refunds*." §§ 733.6175(3), 736.0206(3), Fla. Stat. (emphasis added).

The issue on appeal is whether a proceeding filed in a probate case pursuant to those statutory sections requires service by formal notice under the Florida Probate Rules.

Section 736.0206(1), Florida Statutes, allows for the review of fees paid to a trustee or the trustee's agents in general. Subsection (2) of the statute allows for the review to be filed in with the settlor's probate proceeding. § 736.0206(2), Fla. Stat. If the fee review proceeding is filed in a probate proceeding, the Florida Probate Rules regarding formal notice apply. § 736.0206(6), Fla. Stat. If the fee review proceeding is not filed in the settlor's probate proceeding, the Florida Rules of Civil Procedure and service of process procedure under Chapter 48, Florida Statutes, apply. *See* §§ 736.0201(1), 736.02025, Fla. Stat. (2014).

Resolution of the issue of whether a proceeding for the review of fees paid to a personal representative or the personal representative's agents requires service by formal notice depends on whether the proceeding is considered an "adversary proceeding" under the Florida Probate Rules.[1] The issue of whether such a proceeding is considered an adversary proceeding, in turn, depends on whether a "refund" ordered pursuant to either statute is tantamount to a "surcharge," as that term is used in the Florida Probate Rules and the case law. Section 733.6175 makes no reference to "surcharge."[2] However, as discussed below, the case law in Florida clearly indicates that a fee dispute arising under section 733.6175 is, in essence, a surcharge proceeding.

Florida Probate Rule 5.025(a) specifically provides that a proceeding to "surcharge a personal representative" is an adversary proceeding. Fla.

---

[1] Florida Probate Rule 5.025 provides three mechanisms for treating a proceeding as an "adversary proceeding." The only mechanism at issue in this appeal is the one provided for in Rule 5.025(a) (specific proceedings).

[2] Likewise, section 736.0206 makes no reference to "surcharge."

Prob. R. 5.025(a). The rule provides the same regarding guardians and guardianship proceedings. Thus, case law discussing the principles of "surcharge" in the guardianship context are useful in analyzing the principles of "surcharge" in the probate context. We also note that Chapter 744 governing guardianship proceedings has similar provisions for review of fees as found in section 733.6175. *See* § 744.108, Fla. Stat. (2014).

"A 'surcharge' is the amount that a court may charge a fiduciary that has breached its duty." *Reed v. Long*, 111 So. 3d 237, 238 (Fla. 4th DCA 2013) (citing *Merkle v. Guardianship of Jacoby*, 862 So. 2d 906, 907 (Fla. 2d DCA 2003)). We also wrote in *Reed* that "[t]he purpose of such an award is to make the [ ] estate whole when the [fiduciary]'s actions cause loss or damage to the [estate]." *Id.* at 239 (citations omitted). Moreover, in the context of trust proceedings, the Fifth District has said that "[a] surcharge action seeks to impose personal liability on a fiduciary for breach of trust through either intentional or negligent conduct." *Miller v. Miller*, 89 So. 3d 962, 962 n.1 (Fla. 5th DCA 2012). It is clear under the case law that a surcharge proceeding can be pursued when a fiduciary pays excessive fees to himself, herself, or agents of the fiduciary. *In re Estate of Winston v. Winston*, 610 So. 1323, 1325 (Fla. 4th DCA 1992) ("It follows without the necessity of citation of authority that the personal representative is subject to surcharge for any improper or excessive payments [of fees].").

The case which most strongly equates a petition for review of fees pursuant to section 733.6175 with a surcharge is *Beck v. Beck*, 383 So. 2d 268 (Fla. 3d DCA 1980). In *Beck*, the Third District said that "[the appellee]'s challenge to payment of that compensation *invoked* Section 733.6175, Florida Statutes (1977), which placed the burden of proof as to the propriety, reasonableness and necessity of such payments upon the personal representative." *Id.* at 271 (emphasis added). The court went on to hold that "[t]he record amply reflects the propriety of the *surcharge* against [the appellant-personal representative] for payments he made with funds from [the appellee]'s share of the estate for . . . overpayment of attorneys' fees." *Id.* at 272 (emphasis added); *see also Merkle*, 862 So. 2d at 907 (holding that the order directing a refund of fees paid to the guardian "was tantamount to an order surcharging the guardian").[3]

---

[3] In *In re Estate of Winston*, we said that because a personal representative could be subject to surcharge for the payment of excessive fees, a personal representative has the right to file a petition for review of fees pursuant to section 733.6175, Florida Statutes, but we did not equate a petition for review of fees with a petition for surcharge for the obvious reason that it was the fiduciary who brought the review proceeding. 610 So. 2d at 1325.

"A personal representative is a fiduciary who shall observe the standards of care applicable to trustees." § 733.602(1), Fla. Stat. (2014); *see also* § 733.609(1), Fla. Stat. (2014) ("A personal representative's fiduciary duty is the same as the fiduciary duty of a trustee of an express trust, and a personal representative is liable to interested persons for damage or loss resulting from the breach of this duty."); *State v. Lahurd*, 632 So. 2d 1101, 1104 (Fla. 4th DCA 1994) ("The personal representative, like a trustee, is a fiduciary in handling the estate for the beneficiaries. As such, he or she is to observe the standard of care in dealing with the estate as a prudent trustee exercises in dealing with property of the trust.") (citations omitted). A trustee is required to seek only reasonable fees for his or her services and the trustee's agents. *See* §§ 736.0105(1), (2)(b); 736.0801; 736.0802(1), (7)(b), (8), Fla. Stat. (2014).

"Issues of liability as between the estate and the personal representative *individually* may be determined in a proceeding for *accounting*, *surcharge*, or *indemnification*, or other appropriate proceeding." § 733.619(4), Fla. Stat. (2014) (emphasis added). In *In re Estate of Pearce*, 507 So. 2d 729 (Fla. 4th DCA 1987), we said:

> Inasmuch as section 733.609 likens the role of a personal representative to that of a trustee of an express trust, we find it helpful to see what is the usual law respecting surcharge, which is payment by a trustee . . . out of the *trustee's own funds for breach of trust.*"

*Id.* at 731 (emphasis added).

Accordingly, we hold that a proceeding seeking an order or judgment imposing a refund or surcharge against a fiduciary or a fiduciary's agent, individually, and the immediate return of money to a trust, probate, or guardianship estate as a result of a breach of fiduciary duty (charging excessive fees) is tantamount to a judgment for damages, requiring personal service on the fiduciary as an *individual,* and not in any representative capacity.[4]

We thus reject appellees' contention that their petition for review of fees pursuant to sections 733.6175 or 736.0206 seeking an immediate refund

---

[4] Even if the order or judgment is construed to be a sanction, the result would be the same. *Taylor v. Mercedes*, 760 So. 2d 282 (Fla. 4th DCA 2000) (treating an order directing a guardian to reimburse the guardianship from the guardian's personal funds to be in the nature of a sanction and holding that the failure to give the guardian formal notice that such a sanction would be imposed required reversal).

of money to the probate or trust estate does not initiate an adversary proceeding subject to the notice requirements of the Florida Probate Rules.[5] We hold that, absent a written waiver, formal notice served on the respondent individually, and not in a representative capacity, is required for a proceeding to surcharge a personal representative, as well as for a petition filed in a probate case pursuant to sections 733.6175 or 736.0206 seeking to require the fiduciary to return to the estate the overpayment of compensation paid to the fiduciary or agent. With regard to notice and procedure in such adversary proceedings, Florida Probate Rule 5.025(d)(1) explicitly states that in adversary proceedings, a "[p]etitioner *must serve formal notice.*" Fla. Prob. R. 5.025(d)(1) (emphasis added).

Kozinski was not served individually with formal notice of the petition for review of fees, and she did not waive in writing her right to receive such notice. Because personal jurisdiction over Kozinski in her individual capacity was not properly obtained, the trial court's order denying Kozinski's motion to dismiss is reversed without prejudice.

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[5] Neither section 733.6175 nor section 736.0206 prescribes a time period as to when the refund is to be paid. Arguably, the court has the discretion to order the refund *against future compensation payable to the fiduciary.* We do not address whether formal notice is required in a situation in which a refund is used as an offset of the amount of the overpayment against *future* compensation.

6