DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEAL SIMMONS,**
Appellant,

v.

**ESTATE OF DR. ADRIENNE S. BARANOWITZ** and
**MERRILL LYNCH TRUST COMPANY,**
Appellees.

Nos. 4D13-4503 and 4D14-746

[May 6, 2015]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin Colin and Edward Garrison, Judges; L.T. Case No. 502011CP001024XXXXSB.

John P. Fenner, Boca Raton, for appellant.

Gary L. Rudolf of Rudolf & Hoffman, P.A., Fort Lauderdale, for appellee Merrill Lynch Trust Company.

GERBER, J.

The estate's personal representative appeals from several of the circuit court's orders disposing of the estate. We affirm all of the orders except for one portion of an order directing the personal representative's counsel to disgorge fees which the court determined to be excessive. In the appeal of that portion of the order, the personal representative argues that the court had no personal jurisdiction over counsel to compel the disgorgement of fees. We agree and reverse on that argument only.

We summarize the pertinent portions of the court's findings of fact and the record before turning to the jurisdictional question.

The personal representative filed a petition for discharge and final accounting. The accounting indicated that the personal representative and his counsel received certain amounts as compensation for their services.

The trustee of the decedent's trust filed objections to the accounting, as well as a petition to review the compensation which the personal representative and his counsel received. The trustee argued that the compensation received was excessive in relation to the compensable value of the estate and that any excessive compensation should be refunded. *See* §§ 733.617(1) & 733.6171(3), Fla. Stat. (2010) (respectively providing that compensation to the personal representative and counsel shall be based on "the compensable value of the estate").

The court held an evidentiary hearing on the objections and petition. At the hearing, the personal representative, through counsel, argued that the court lacked jurisdiction over counsel because counsel was not a party. The personal representative and his counsel then presented evidence in an attempt to support the compensation which they received. *See* § 733.6175(3), Fla. Stat. (2010) ("The burden of proof of propriety of the employment and reasonableness of the compensation shall be upon the personal representative and the person employed.").

Following the hearing, the court entered an order determining that the compensation which the personal representative and his counsel received was excessive. The court ordered the personal representative and his counsel to disgorge those amounts which the court determined to be excessive.

This appeal followed. The personal representative argues, among other things, that the court had no personal jurisdiction over his counsel because his counsel never was served with initial process by a summons or formal notice.

We agree, pursuant to our recent decision in *Kozinski v. Stabenow*, 152 So. 3d 650 (Fla. 4th DCA 2014). There, three sisters were beneficiaries under their mother's will and trust. Two of the sisters filed a petition to review the compensation of the third sister in her capacity as personal representative and trustee. The petition asked the court to determine the reasonableness of the compensation and also "to enter such surcharge or disgorgement orders as are warranted." The petition was not formally served upon the personal representative/trustee, but was sent via e-mail service to her counsel.

The personal representative/trustee filed a motion to dismiss arguing, among other things, that the sisters failed to invoke the court's personal jurisdiction over her where they sought surcharge and disgorgement against her in her *individual* capacity. According to the personal representative/trustee, a surcharge action, which is based on a breach of

2

fiduciary duty, was an adversary proceeding which required formal notice or a complaint served under the Florida Rules of Civil Procedure in order to obtain personal jurisdiction over her individually.

The sisters disagreed and argued that the petition was not an adversary proceeding and did not require formal notice. The sisters maintained that the remedy of a "refund" was indistinguishable from a "surcharge," and asserted that the court already had jurisdiction over the personal representative/trustee by virtue of her initial pleadings.

The trial court denied the motion to dismiss, but we reversed. We agreed with the personal representative/trustee's argument that "the remedy of 'surcharge' sought in the [sisters'] petition against her *individually* constituted an adversary proceeding requiring service by formal notice under the Florida Probate Rules in order for the probate court to have personal jurisdiction over her individually, as opposed to personal jurisdiction over her as personal representative or trustee." *Id.* at 651.

Here, as in *Kozinski,* the remedy sought in the petition against the personal representative's counsel was against him individually. Therefore, service by formal notice under the Florida probate rules was required for the court to have personal jurisdiction over him.

The trustee argues that service by formal notice is not required because the Florida probate code gives a court the authority to review the propriety of any compensation paid to a personal representative's employee and, if that employee has received excessive compensation, to order that employee to make appropriate refunds. *See* § 733.6175(1), Fla. Stat. (2010) ("The court may review the propriety of the employment of any person employed by the personal representative and the reasonableness of any compensation paid to that person or to the personal representative."); § 733.6175(3), Fla. Stat. (2010) ("Any person who is determined to have received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds."); *Richardson v. Jones,* 508 So. 2d 739, 740 (Fla. 2d DCA 1987) (rejecting counsel's argument that because the personal representative paid him personally, rather than having been paid from the estate, the court had no authority to order a reimbursement; "The court's order simply carries out its obligation to review and determine the reasonableness of compensation to be paid to an attorney for a personal representative.").

We disagree with the trustee's argument. We recognize that the Florida probate code gives a court the authority to review the propriety of any

3

compensation paid to a personal representative's employee and, if that employee has received excessive compensation, to order that employee to make appropriate refunds. *See* §§ 733.6175(1) & (3), Fla. Stat. (2010). Here, however, the issue is not the court's authority to act, but the manner by which the court notifies the employee that action may be taken. As we held in *Kozinski*, service by formal notice is required.

Based on the foregoing, due to the lack of service by formal notice on the personal representative's counsel, we reverse that portion of the circuit court's order directing counsel to disgorge fees which the court determined to be excessive. We remand for further proceedings upon service by formal notice upon the personal representative's counsel.

*Affirmed in part, reversed in part, and remanded.*

WARNER and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

4