DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID MILLER,** as Co-Trustee of the Amendment and
Complete Restatement of the Barbara R. Nurenberg Declaration of Trust,
u/a/d October 9, 2018,
Appellant,

v.

**LEAH MARISSA MOORE,** individually, as Co-Trustee of the
Amendment and Complete Restatement of the Barbara R. Nurenberg
Declaration of Trust, u/a/d October 9, 2018, and as
natural guardian of A.D.M, a minor,
Appellee.

Nos. 4D2023-1402 & 4D2023-3119

[July 31, 2024]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial
Circuit, Palm Beach County; Laura Johnson and Samantha Schosberg
Feuer, Judges; L.T. Case No. 502021CP006268.

John Farina of Boyes, Farina & Matwiczyk, P.A., Palm Beach Gardens,
for appellant.

C. Cory Mauro of Mauro Law, P.A., Boca Raton, for appellee.

KLINGENSMITH, C.J.

In this consolidated appeal, David Miller ("Miller"), in his capacity as
co-trustee of the Barbara R. Nurenberg Declaration of Trust (the "Florida
Trust"), appeals two orders entered against him: (1) an order denying his
motion to restore his status as an account holder for the Florida Trust,
and (2) an order directing him to disgorge $100,000 that he removed from
the Joseph Schwartz Trust (the "Michigan Trust"). We affirm the first order
without discussion but reverse the second order without prejudice. In
short, the trial court erred in ordering disgorgement against Miller as co-
trustee of the Florida Trust when that remedy is available against him only
in his individual capacity after he is personally served with process.

## I.   Background

The appellee, Leah Marissa Moore ("Moore"), is a beneficiary of both trusts at issue in the underlying case.  Before the litigation commenced, Moore and Miller became co-trustees of the Florida Trust.  Shortly thereafter, Miller was appointed sole trustee of the Michigan Trust.

In 2021, Miller—appearing only as co-trustee of the Florida Trust—filed a complaint against Moore seeking, among other things, declaratory relief regarding his compensation as co-trustee of the Florida Trust.

Moore countersued Miller solely in his capacity as co-trustee of the Florida Trust.  In pertinent part, Moore sought "damages" and a "surcharge" against Miller, alleging that he had improperly transferred $100,000 from the Michigan Trust to his personal account.  Miller answered the counterclaims, raising lack of personal jurisdiction as one of multiple affirmative defenses.

Moore then moved for an order requiring Miller to "disgorge" the subject funds and place the funds back in the Michigan Trust.  In part, Moore alleged that Miller had used the funds from the Michigan Trust to either compensate himself as co-trustee of the Florida Trust or pay his attorneys for services rendered in the underlying case.

Miller opposed the motion, acknowledging that he had removed the funds from the Michigan Trust, but arguing disgorgement was not an available remedy.  Specifically, Miller asserted that disgorgement could be ordered against him only in his individual capacity, not as a co-trustee of the Florida Trust.  Therefore, in Miller's view, disgorgement was not appropriate because he had not been personally served with process, and the trial court had not acquired jurisdiction over him in his individual capacity.

After a hearing, the trial court granted Moore's motion and ordered Miller to "disgorge" the funds at issue.  In part, the court reasoned that it could order disgorgement against Miller as co-trustee of the Florida Trust because his improper removal of funds from the Michigan Trust constituted a breach of the Florida Trust.  This appeal follows.

## II.   Analysis

Generally, a trial court's findings present "mixed questions of law and fact, and the appellate court decides whether the factual findings are supported by competent substantial evidence and the findings of law are

2

reviewed *de novo.*"  *Grant v. Bessemer Tr. Co. of Fla., Inc. ex rel. Grant*, 117 So. 3d 830, 835-36 (Fla. 4th DCA 2013) (citing *SA–PG Sun City Ctr., LLC v. Kennedy*, 79 So. 3d 916, 919 (Fla. 2d DCA 2012)).  Here, the pertinent facts are essentially undisputed, and our review of the disgorgement order primarily involves issues of personal jurisdiction, which we review de novo.  *See Kent v. Marmorstein*, 120 So. 3d 604, 605 (Fla. 4th DCA 2013) (citing *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2002)).

By filing the underlying case as co-trustee of the Florida Trust, Miller consented to the trial court's jurisdiction over him in that capacity. However, Miller did not submit to the court's jurisdiction either individually or in any other capacity.  *See Juega v. Davidson*, 105 So. 3d 575, 577 (Fla. 3d DCA 2012) (holding that the administrator of an estate who had filed claims in multiple representative capacities could not be countersued in his individual capacity).  Further, Moore acknowledges that she did not personally serve Miller with process or add him as a party to the case in his individual capacity.

Accordingly, the primary issue before us is whether the trial court could order Miller—in his capacity as co-trustee of the Florida Trust—to disgorge the funds which he had removed from the Michigan Trust.  The trial court found that it could do so because, in its view, Miller breached the Florida Trust by removing the funds from the Michigan Trust.

The Florida Trust Code authorizes disgorgement as a remedy to address breaches of trust.  *See McCormick v. Cox*, 118 So. 3d 980, 987 (Fla. 3d DCA 2013) (affirming judgment directing trustee to disgorge a fee that the trustee had paid to himself from a sale of trust property); *accord* § 736.1001(2), Fla. Stat. (2021).  But even if Miller's conduct somehow breached the Florida Trust—an issue we do not decide here—we reverse because disgorgement imposes personal liability against a fiduciary, requiring service against the fiduciary individually, and not in any representative capacity, to acquire personal jurisdiction.  Therefore, to obtain disgorgement, Moore must personally serve Miller and add him individually as a party to the underlying case.  *See Kozinski v. Stabenow*, 152 So. 3d 650, 653-54 (Fla. 4th DCA 2014).

Our decision in *Kozinski* is instructive.  There, the trustee, one of three sisters, was appointed trustee of a trust created by her mother and personal representative of her mother's estate.  *Id.* at 651.  The trustee appeared in those representative capacities in a probate case administering the estate.  *Id.*  In the same probate case, the trustee's two sisters petitioned for review of fees under both the probate code and the trust code, i.e., sections 733.6175 and 736.0206, Florida Statutes (2014).

3

*Id.* The sisters claimed that the trustee had paid excessive fees from the estate and trust assets to compensate herself, her own law firm, and another firm. *Id.* In part, the sisters asked the trial court "to enter such *surcharge or disgorgement* orders as are warranted." *Id.*

The trustee moved to dismiss the petition, arguing the sisters had "failed to invoke the court's personal jurisdiction over her where they sought surcharge and disgorgement against her in her *individual* capacity." *Id.* Specifically, the trustee claimed that "a surcharge action, which is based on a breach of fiduciary duty, was an adversary proceeding" requiring either formal notice under Florida Probate Rule 5.025 or service of process under the Florida Rules of Civil Procedure to obtain jurisdiction over her individually. *Id.* The sisters responded that "the court already had jurisdiction over [the trustee] as personal representative and trustee by virtue of her initial pleadings." *Id.* The trial court denied the trustee's motion to dismiss. *Id.*

On appeal, we reversed, concluding that the fee dispute was the equivalent of a surcharge proceeding, requiring formal notice on the trustee individually to obtain personal jurisdiction. *Id.* at 652-53. In so concluding, we noted that, in the trust context, "[a] surcharge action seeks to impose personal liability on a fiduciary for breach of trust through either intentional or negligent conduct." *Id.* at 653 (quoting *Miller v. Miller*, 89 So. 3d 962, 962 n.1 (Fla. 5th DCA 2012)). Further, surcharge is available "when a fiduciary pays excessive fees to himself, herself, or agents of the fiduciary." *Id.* (citing *In re Estate of Winston v. Winston*, 610 So. 2d 1323, 1325 (Fla. 4th DCA 1992)). In other words, surcharge is "payment by a trustee … out of the *trustee's own funds for breach of trust.*" *Id.* (quoting *In re Estate of Pearce*, 507 So. 2d 729, 731 (Fla. 4th DCA 1987)). Relying on those authorities, we held:

> [A] proceeding seeking an order or judgment imposing a refund or surcharge against a fiduciary or a fiduciary's agent, individually, and the immediate return of money to a trust, probate, or guardianship estate as a result of a breach of fiduciary duty . . . is tantamount to a judgment for damages, requiring personal service on the fiduciary as an *individual,* and not in any representative capacity.

*Id.* at 653-54.

4

Our analysis in *Kozinski* applies with equal force in the present case.[1] Here, like the petitioners in *Kozinski*, Moore countersued Miller as co-trustee of the Florida Trust, seeking "damages" and a "surcharge." Moore alleged that Miller had improperly transferred funds from the Michigan Trust to his personal account to pay an excessive fee to either himself or his attorneys. As a remedy for Miller's alleged breach of trust, Moore asked the trial court to enter a "disgorgement" order directing Miller to return those funds to the Michigan Trust. In other words, Moore's motion effectively sought the same relief as the petition in *Kozinski*—to impose personal liability on Miller and obtain the immediate return of money to the trust because of his alleged breach of fiduciary duty, which is "tantamount to a judgment for damages." *See id.* at 654. Consequently, Moore is required to accomplish "personal service on [Miller] as an *individual,* and not in any representative capacity," to obtain that relief. *See id.*

Because Moore did not personally serve Miller or add him as a party to the underlying case in his individual capacity, we reverse the disgorgement order without prejudice. We specifically express no view as to whether the trial court would have long-arm jurisdiction over Miller, a Michigan resident, if Moore commences suit against him individually. In that event, the trial court should conduct further proceedings to determine whether a basis for long-arm jurisdiction exists against Miller in his individual capacity, and whether Miller has sufficient contacts with Florida to comport with due process. *See* § 736.0202, Fla. Stat. (2021); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989); *see also Covenant Tr. Co. v. Guardianship of Ihrman*, 45 So. 3d 499, 501-06 (Fla. 4th DCA 2010) (discussing the procedure for determining long-arm jurisdiction over the trustee of a foreign trust under a previous version of the trust code).

---

[1] Moore argues *Kozinski* is distinguishable because it involved a fee dispute brought under the Florida Probate Code, while the present case is proceeding under the Florida Trust Code. This is a distinction without a difference. In *Kozinski*, we decided whether a petition for review of fees seeking "surcharge" or "disgorgement" against a fiduciary gives rise to an "adverse proceeding" subject to the heightened formal notice requirements of Florida Probate Rule 5.025. 152 So. 3d at 651-52. However, trust actions are governed by even stricter notice requirements than the probate code's formal notice procedure. *See Mfrs. Nat'l Bank of Detroit v. Moons*, 659 So. 2d 474, 475 (Fla. 4th DCA 1995) (noting that formal notice used in probate matters is insufficient to confer jurisdiction over a trustee in trust proceedings) (citing *In re Estate of Black*, 528 So. 2d 1316 (Fla. 2d DCA 1988)). Accordingly, the fact that the present case is governed by the trust code, not the probate code, further supports our conclusion that Miller must be personally served to be held liable for disgorgement.

5

*Reversed and remanded.*

MAY and DAMOORGIAN, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**