# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2024-0642
LT Case No. 2017-10420-PRDL
_____

KIMBERLY SWOYER BRUSH,
ESQUIRE, as Personal
Representative of the Estate of
Frederick Eugene Swoyer,

    Appellant,

    v.

KELLY DIMARIA COPPELLI,

    Appellee.

_____


On appeal from the Circuit Court for Volusia County.
James R. Clayton, Judge.

Kimberly Swoyer Brush, Lakeland, for Appellant.

Sarah L. Metz, of Smith Bigman Brock, Daytona Beach,
for Appellee.

February 14, 2025

PER CURIAM.

    We affirm on all issues except for the calculation of damages. Coppelli held a judgment against the estate for $34,834.75, which the estate could not afford to pay. The probate court ruled that Brush—the estate's personal representative—was personally liable for this amount—plus post-judgment interest—because of

her breach of fiduciary duty. However, the court's findings reflect that the estate never held $34,834.75 in assets. The court also found that Brush's improper distributions warranted a surcharge of $12,644.79. *See Kozinski v. Stabenow*, 152 So. 3d 650, 652 (Fla. 4th DCA 2014) (explaining that a surcharge "is the amount that a court may charge a fiduciary that has breached its duty" (quoting *Reed v. Long*, 111 So. 3d 237, 238 (Fla. 4th DCA 2013))).

The court's findings show that if Brush had not breached her fiduciary duty by misallocating estate funds, Coppelli would have recovered from the estate—but not for $34,834.75. *See* § 733.707, Fla. Stat. (2012) (establishing the order of priority for payments from an estate and providing that "if the estate is insufficient to pay" its next class of claims, creditors "shall be paid ratably in proportion to their respective claims"). By awarding Coppelli that full amount against Brush personally, the court put her in a better position than she would have occupied without the breach of fiduciary duty. This was error because a personal representative's liability to interested persons for breach of fiduciary duty is limited to the "damage or loss resulting from the breach." § 733.609(1), Fla. Stat. (2003); *see, e.g.*, *Kinchla v. Ran Invs., LLC*, 49 Fla. L. Weekly D1840 (Fla. 6th DCA Sept. 6, 2024) (holding—in a case where the breach cost the plaintiff $173,927.81 in one transaction but yielded $150,000 in another—that the plaintiff should receive $23,927.81 because that amount put the plaintiff "in the position as if [defendant] had not breached its fiduciary duty"). On remand, the court shall award Coppelli only the amount that she would have recovered from the estate if Brush had not breached her fiduciary duty. *See* §§ 733.609(1), 733.707, Fla. Stat.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

JAY, MACIVER, and PRATT, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————